Argued, March 4, reversed with instructions September 10, 1969

WHITTEN, *Appellant, v.* WHITTEN,
*Respondent.*

458 P2d 446

*William D. Green, Jr.*, Roseburg, argued the cause and filed a brief for appellant.

*Harrison R. Winston*, Roseburg, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY,* Justices.

---

* Langtry, J., did not participate in the decision of this case.

PER CURIAM.

The plaintiff and defendant were wife and husband. To this marriage two children were born, Brenda K. Whitten and Gregory Scott Whitten. On January 22, 1965, plaintiff brought suit for divorce and personal service was had upon defendant. Defendant made no appearance and a judgment of divorce was rendered plaintiff which granted to her custody of the minor children. The decree did not provide defendant any rights of visitation with his children.

On March 20, 1968, defendant filed these proceedings to modify the decree by changing the custody of the children Brenda K. Whitten and Gregory Scott Whitten from plaintiff to defendant or, in the alternative, "* * * to provide in said Decree provisions allowing the defendant to visit said minor children at reasonable times and intervals, and particularly to allow the defendant to have, keep and maintain said children for two months of each summer vacation period, and to allow the defendant to visit said minor children and have said minor children with him from 5:00 p.m. Friday to 8:00 p.m. on Sunday for the last weekend of each month, and allowing the defendant to have said minor children with him alternately on major holidays of each year."

By decree, the trial court changed the custody of the children from plaintiff to defendant and plaintiff appeals.

The record discloses that both parties have remarried. The trial court found that each parent is a fit person to have the custody of the children. We agree.

The trial court granted the change of custody solely

upon the basis that the plaintiff had "demonstrated total unreasonableness in allowing visitations," and that this unreasonableness was detrimental to the welfare of the children. The record will not support this finding.

The defendant was permitted to see and visit with the children, but the plaintiff refused to permit the defendant to keep them over night when they were small and she lived in Sutherlin and defendant lived in Roseburg. Both parties remarried and the plaintiff lived for a time in Elkton, then moved to Reedsport where she now resides. After plaintiff and her husband moved to Reedsport, defendant testified he was permitted to have the children on one Saturday a month. Also, on these occasions he took the children with him to his home in Roseburg, returning them about 6 o'clock in the evening. He also stated that on two occasions before and after the motion for change of custody was filed he was permitted to take the children to his home over the weekend. The defendant also testified that, after the children were older, plaintiff was willing for him to have them for longer periods of time.

It may be that the plaintiff has not been as generous in granting the defendant the companionship of the children as he would like, but there is no showing that this was done through malevolence toward the defendant or that it had a deleterious effect upon the welfare of the children. Nor do we find any other evidence in this case that would justify a change of custody.

It is always difficult for a court to determine what should be ordered in the best interests of children. However, we are of the opinion that the original de-

cree should only be modified to provide that as of the present the defendant shall have the right to have the children with him on a Saturday and Sunday in each month, and that he have the custody of the children for two days in alternate years on the Fourth of July, Christmas and New Years.

The judgment is reversed with instructions to enter a decree not inconsistent with this opinion.