Argued February 10, affirmed as modified April 23, petition
for rehearing and remand denied May 27, 1970

BURZYNSKI, *Respondent, v.* BURZYNSKI,
*Appellant.*
468 P2d 548

*Winfrid K. Liepe,* Eugene, argued the cause for appellant. With him on the briefs were James P. Harrang and Johnson, Johnson & Harrang, Eugene.

*Eldon F. Caley,* Roseburg, argued the cause for respondent. With him on the brief were Long, Neuner, Dole & Caley, Roseburg.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

FORT, J.

This appeal by the mother challenges the award to the father of custody of two boys, aged two and one-half and three and one-half at the time of the decree. Both parties had been married before and by her first marriage the wife had two children, who at the time of trial were aged 11 and 13. These two children, the two little boys, the plaintiff and the defendant lived together as a family unit prior to the separation and divorce.

The record of the trial itself and of the preliminary proceedings, which by stipulation were made a part of the record, aggregate 1,046 pages, virtually all

of which is related to the relative fitness of the parents for the custody of the two little boys. Neither brief seriously challenges the divorce nor asserts defenses thereto. No property questions are presented. The sole ruling of the trial court which is seriously challenged is the award of custody.

As is so often true, the problem arises out of the deep mutual antagonism existing between the father and the mother, particularly that of the mother toward the father. This was present both at the time of the hearings on temporary custody and at the trial itself. In this connection, in deciding temporary custody the court said:

> "I am rather taken with the idea of alternating custody here. I can't think of a better way for people to get used to the shoe being on the other foot than being in both positions and apparently this can occur here and while Mr. Lasswell urges apparently with the utmost sincerity the need for the children to be with the mother, that, as I understand the rule, is giving a preference here which I am not entitled to give.  *  *  *"

Accordingly, in its order on temporary custody the court placed the children for an equal period of time with each parent. At the trial some three months later, the court found:

> "*  *  *  Each parent loves the children and the children love both parents. Either parent would, it appears, provide all reasonably necessary and proper material matters as well as parental love and guidance.  *  *  *"

It then concluded:

> "*  *  *  [T]he issue of custody comes down to and is to be resolved upon the basis of which parent would be the more likely to achieve and maintain

the better and more proper attitude and relationships in regard to the non-custodial parent's association with these children. * * *"

The trial court then found that:

"* * * In this respect the evidence preponderates in favor of the plaintiff."

Accordingly it entered its decree awarding custody of both boys to the plaintiff father.

Since the decision in this case, the Supreme Court had occasion to consider an order in which the trial court had granted a change of custody

"* * * solely upon the basis that the plaintiff had 'demonstrated total unreasonableness in allowing visitations,' and that this unreasonableness was detrimental to the welfare of the children. * * *" *Whitten v. Whitten*, 254 Or 112, 113-14, 458 P2d 446 (1969).

There the Supreme Court reversed because

"* * * there is no showing that this was done through malevolence toward the defendant or that it had a deleterious effect upon the welfare of the children. * * *" 254 Or at 114.

■ If, as in *Whitten*, it was error for the trial court to change the custody of the children solely because one parent, *after* the divorce, had, in violation of the decree, unreasonably interfered with the custodial rights of the other, then to do so at the conclusion of the divorce trial and *before* there can have been interference with the visitation rights of the decree would also seem to be error.

■ The trial court has ample power, following an award of custody, whether by decree or subsequent modification order, to require compliance by the par-

ties with its custodial and visitation provisions through appropriate process directed against the offending parent. Furthermore, here the record is insufficient for us to conclude in advance of the fact that the mother would, had custody been awarded to her, "malevolently" have failed to comply with the visitation privileges contained in the decree of divorce. Because a party involved in a custody fight may have indicated views, preferences or attitudes concerning temporary visitation rights different from those ordered by the court does not alone warrant a conclusion in advance that a decree when subsequently entered by the court will not be complied with by that person.

This record of more than 1,000 pages, as do so many others, reflects the lack of objectivity and the emotional immaturity of each of the parties concerning the other. Rather than squarely facing one's own inadequacies in their interpersonal relation, too often one spouse, though vaguely sensing, chooses to ignore his or her own inadequacy, and seeks rather to seize, and feed upon, a real or fancied inadequacy in the other. This process is not only self-defeating but it effectively prevents that person from taking an objective approach to those future relations which, like the rearing of their children, are both a continuing obligation of each and, more importantly, a vitally significant need of their progeny.

Usually, when a marriage has been finally terminated, the period of mutual recriminations, often accelerated by the adversary system in its search for truth, ends. The self-healing process of each can then begin, and a constructive objectivity enabling the resolution of the necessary future relations arising out of the marriage may be expected in most cases to arise.

Here the trial court, in advance of the event, appears to have concluded that so far as the wife at least is concerned, this will not happen.

In *Tingen v. Tingen*, 251 Or 458, 446 P2d 185 (1968), decided after the trial of this case, the court said:

"* * * In determining custody, we are required to consider the best interests of the children and the conduct and moral standards of the parties. ORS 107.100(1).

"In determining the best interests of a child in a custody dispute the court ought to consider all the relevant factors. These, as we see them, would generally include: (1) the conduct of the parties; (2) the moral, emotional and physical fitness of the parties; (3) the comparative physical environments; (4) the emotional ties of the child to other family members; (5) the interest of the parties in, and attitude toward, the child; (6) the age, sex, and health of the child; (7) the desirability of continuing an existing relationship and environment; and (8) the preference of the child.

"Best interest in custody matters should not be determined by isolating one of these variable factors and relying on it to the exclusion of other factors. Rather, best interest should be determined upon these, and other, relevant factors by a weighing and balancing process, and not by treating any one of them as a fixed rule or standard." 251 Or at 459-60.

■ Applying these rules to the case at bar, these small children, by this decree, now live in a home where the aunt of the father, of necessity, furnishes the bulk of their daily care, since the father owns and operates a business during the day away from the home. They no longer live with their half brother and half sister in the familiar surroundings of their own common home, but, with their father, are in effect boarders

in his uncle's home, living there with the two children of the aunt and uncle and two unrelated persons who also rent accommodations in that home.

Accepting, as we do, the trial court's findings as to the positive interest and relationship of each parent with these two preschool boys, as above set forth, we conclude that their present interests will be best served if they are placed in the care, custody and control of the defendant mother, subject to such reasonable visitation rights in the father as the court may determine to be in the best interests of the children.

If, hereafter, either party manifests a continuing contumacy toward the decreed rights of the other or otherwise improperly violates the letter and spirit of the court's order, ample means for its enforcement exist, or, if the best interests of the children then require, upon motion, for its change or modification.

In addition to making appropriate provisions for visitation, the trial court will also make such award as it deems proper for support of the children.

Affirmed as modified.