Argued October 30, affirmed December 31, 1956

## BENNEHOFF *v.* BENNEHOFF
304 P. 2d 1079

*Lyle R. Wolff* argued the cause for respondent. On the brief were Wolff and Johnson, Baker.

*David H. Fertig* argued the cause for appellant. On the briefs were Fertig & Colombo, Portland, and Brice L. Smith, Portland.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, PERRY and McALLISTER, Justices.

PER CURIAM.

██ This is a controversy between divorced parents over the custody of their two minor sons, Gary D. Bennehoff, aged eight years, and Bert W. Bennehoff, aged six years. The plaintiff obtained a default decree of divorce which awarded him the custody of the children with the right to the mother to visit with them at reasonable times. Later, the mother moved for a modification of the decree so as to award the custody of the children to her. After an extensive hearing— the transcript of testimony contains 674 pages—the court entered an order by which the custody of the children was continued in the father with the right, however, in the mother to have their temporary custody during the months of June and July and during the Christmas vacation period of each year. The defendant has appealed from this order. We have read the testimony and have reached the conclusion that the order should not be disturbed. It would be of no profit to anyone to discuss the testimony or state the reasons which have influenced our decision, other than to say that we have given due weight to the judgment of the trial judge, the Honorable R. J. Green, who is now completing 18 years of service on the circuit court bench. In the difficult and delicate task of attempting to determine where the welfare of children lies as between conflicting claims of warring parents, the judge who sees the parties and their witnesses and listens to their testimony has a position of advantage over the justices of this court. This axiom of appellate court review, so often referred to in equity suits, is of prime importance in its application to a child custody case which involves, as does this one, an appraisal of the character, temperament, and disposition of the contending parents, some of the determining

marks of which may reveal themselves to one who sees and observes the persons concerned but are not to be found in the typewritten pages of a cold record. The decision of the trial judge in such a case is, therefore, not to be lightly set aside.

The order appealed from is affirmed. Neither party will recover costs.