Argued October 31, affirmed November 15, 1961

# READ v. READ
### 366 P. 2d 164

*Charles R. Cater,* La Grande, argued the cause and submitted the brief for appellant.

*Thomas Gooding,* La Grande, argued the cause for respondent. With him on the brief were Burleigh, Carey & Gooding.

Before MCALLISTER, Chief Justice, and ROSSMAN, WARNER, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

SLOAN, J.

Plaintiff-mother appeals from an order which took

from her the custody of two small children of the parties and awarded their custody to defendant.

The parties were married in 1953. Defendant was then, and at all times thereafter has remained, in the U. S. Army. The two children, a girl and boy, were issue of the marriage. In January, 1958 defendant was transferred to an army establishment in Germany. Plaintiff remained in Enterprise with defendant's mother. A few months later plaintiff began illicit conduct with another man. She ultimately bore a child by that man. The divorce followed. In the decree that was entered defendant was allowed the divorce and plaintiff the custody of the children. The custody was conditioned on the requirement that plaintiff no longer associate with the man the court held responsible for her wrongdoing. The court recognized, of course, that he could not control plaintiff's personal life and associations. The judge did express emphatically that he considered close and continuous association by this man with the children would be harmful to them. Later plaintiff and the man were married; this proceeding for modification followed.

We have omitted non-essential details of the proceedings which have now culminated here. During the course of those proceedings, the trial court heard some or all of the parties involved in three different hearings. The last one resulted in the order appealed from.

Decision by the trial court was difficult as it has been here. Plaintiff has had the children with her since their birth. Other than the grave indiscretions before mentioned she has been a good mother. Defendant has been an affectionate father and as attentive as his army duties would permit. The evidence creates a strong inference that he has had a stable and suc-

cessful career in the army. His ability to care for the children would be adequate and he can provide good supervision and care. Plaintiff would also be able to provide good care. After weighing all of the circumstances and forces created by these people which would influence the future rearing of these children, the trial judge concluded that their welfare would be better served with defendant.

The court, when he gave his decision, said that he had been guided and influenced by *Shrout v. Shrout,* 1960, 71 Adv Sh 631, 224 Or 521, 356 P2d 935. The very purpose of the opinion in that case was to better define the guide lines to be followed in deciding cases of this kind. Unfortunately they are not rare. The court correctly followed the lines scanned by the Shrout opinion. Although not mentioned by the trial judge, it is evident that he was also influenced by *Bogh v. Lumbattis,* 1955, 203 Or 298, 280 P2d 398, a case quite similar to this one. There the court held that to cause a child to be reared by a stepfather who had been the instrument severing the relationship of the child's parents would be inimical to the best interests of the child.

■■ The printed record affords little insight by which we can gage the best future for these children against the background of past and present conduct. Character and sincerity are not well revealed in the typewritten transcript. We must and do rely heavily upon the ability of the trial judge to discern these vital measurements that is denied the appellate judge. In custody cases it must be made clear that the result reached by the trial court is wrong before this court will impose its judgment to reverse. Such a showing is not present in this case. The order of the trial court is affirmed.