Argued December 6, affirmed December 29, 1961, petition for
rehearing denied February 13, 1962

## JACKSON *v.* JACKSON
### 367 P. 2d 433

*Norman K. Winslow,* Salem, argued the cause and
filed briefs for appellant.

*Thelma Chapman Fowler,* Eugene, argued the cause
and filed a brief for respondent.

Before McALLISTER, Chief Justice, and WARNER,
SLOAN, O'CONNELL and BRAND, Justices.

McALLISTER, C. J.

The defendant appeals from the denial of his mo-
tion asking for custody of the minor child of the
parties.

The parties were married in Roseburg, in 1954, and their child, Paul, Jr., was born on June 22, 1955. In February 1957, plaintiff filed a suit for divorce in Lane county and was granted a divorce by default. The decree gave plaintiff custody of Paul, Jr. and required defendant to pay $50.00 per month for the support of the child.

A few months after the divorce plaintiff voluntarily gave Paul, Jr. to the defendant, who kept the child in his home at Roseburg, for a period of about three years. During this interval no attempt was made to modify the decree of divorce which had given custody of the child to plaintiff. Plaintiff testified that she turned the child over to his father because she found it impossible from her wages and the support money paid by defendant to provide a home for herself, Paul, Jr., and a child by a former marriage, and to hire someone to care for Paul, Jr. while she was at work. According to plaintiff it was understood that she was to regain custody of the child as soon as she was able to provide a suitable home for him.

Plaintiff remarried and in 1960 was living with her husband on an 80-acre tract near Eugene, which the couple were purchasing and on which they had built a modest home. In June, 1960, plaintiff went to Roseburg, took Paul, Jr. from defendant's home and brought the child to her home near Eugene, where he has since remained.

Shortly after plaintiff took the child from his home, defendant filed a motion asking that the divorce decree be modified so as to give him permanent custody of Paul, Jr. The trial court after a hearing denied the motion, and defendant has appealed.

We have carefully reviewed the record and believe the order of the trial court should be affirmed. There

is no serious criticism of the care and attention given Paul, Jr. by his father during the three years the child was in his custody. The defendant was unmarried and employed a housekeeper to manage his home and care for Paul, Jr. and defendant's two daughters by a former marriage. Defendant was a good father and maintained a good home for his children.

On the other hand, there is no evidence that plaintiff is not a fit and proper person to have custody of her son, and no claim that she will not give Paul, Jr. both a good home and a mother's love. Defendant called as a witness his business partner who testified that plaintiff "did a fine job with the children", and "was a very fine influence on the children." In referring to the children he apparently included Paul, Jr., plaintiff's other son and defendant's two daughters. As a witness defendant offered no criticism of the care given by plaintiff during their marriage to Paul, Jr. and his two daughters.

In a case of this kind we are particularly dependent upon the trial judge who had the advantage of seeing the parties and hearing their testimony. His determination that the welfare of the child will best be served by affirming the original award of custody to the plaintiff is "not to be lightly set aside." *Bennehoff v. Bennehoff,* 209 Or 224, 226, 304 P2d 1079.

The order of the trial court is affirmed.