Argued October 28, affirmed November 10, 1965

## KROLL *v.* KROLL

407 P. 2d 643

*Robert L. Olson,* Portland, argued the cause and submitted a brief for appellant.

*David O. Bennett,* St. Helens, argued the cause for respondent. With him on the brief were Bennett & Vagt.

Before McAllister, Chief Justice, and Perry, Denecke, Holman and Schwab, Justices.

SCHWAB, J. (Pro Tempore)

This is a suit for divorce brought by the husband, William Kroll, against his wife, Sharon Kroll, in which

the defendant filed a cross-complaint also praying for a divorce. Both parties sought custody of the minor son of the parties who was three years old at the time the complaint was filed on October 28, 1963.

The decree of the trial court granted the plaintiff a divorce and custody of his son. The defendant has appealed only from that part of the decree which awarded custody of the child to her husband. The trial judge placed the child in the custody of its father because of emotional instability on the part of the mother demonstrated not only by her continued relationships with another man, but by other conduct as well.

Defendant relies heavily on a line of cases which place great stress on the following statement contained in *Goldson v. Goldson,* 192 Or 611, 621, 236 P2d 314: "The moral unfitness of a mother sufficient to deprive her of custody must be such as to have a direct bearing upon the welfare of her child." This statement, which is quoted or referred to in a number of the cases cited by defendant, is expressly overruled by *Shrout v. Shrout,* 224 Or 521, 525-26, 356 P2d 935, in which this court went on to say:

"We affirm the rule that not every act of indiscretion or immorality should deprive a mother of the custody of her children. In all cases motherhood is a factor to be given great weight in deciding questions of child custody. We only want to make it clear that any moral transgressions of the mother must be considered, together with other relevant factors, in determining what is best for the children. We think that arbitrary rules that exclude immorality as a relevant factor unless it is 'gross', 'depraved', or 'wicked' or unless it has a 'direct bearing', serve only to hamper the trial courts in weighing all of the evidence and in arriv-

ing at a decision which will best promote the welfare of the children."

In reviewing this case we are guided by the rule laid down in *Henry v. Henry,* 156 Or 679, 683, 69 P2d 280:

"* * * This court will not disturb the decree of the trial court as to the custody of the children when the case is purely one of fact and the evidence is sufficient to warrant the conclusion reached by the trial court."

■ For, as we said in *Shrout v. Shrout,* supra at p. 527:

"The reasons underlying the foregoing rule are stated with great clarity in *Bennehoff v. Bennehoff,* 209 Or 224, 225, 304 P2d 1079, as follows:

" '* * * In the difficult and delicate task of attempting to determine where the welfare of children lies as between conflicting claims of warring parents, the judge who sees the parties and their witnesses and listens to their testimony has a position of advantage over the justices of this court. This axiom of appellate court review, so often referred to in equity suits, is of prime importance in its application to a child custody case which involves, as does this one, an appraisal of the character, temperament, and disposition of the contending parents, some of the determining marks of which may reveal themselves to one who sees and observes the persons concerned but are not to be found in the typewritten pages of a cold record. The decision of the trial judge in such a case is, therefore, not to be lightly set aside.' "

■ We have carefully examined the entire record of this case. As the trial judge stated in his opinion from the bench, "there is no easy answer to this problem and I know it, and decisions such as this are not easy on my part. However, the decision has to be made

and all I can do is, as honestly as I know how, reach a decision based on the evidence of this case." The evidence amply demonstrates that the trial judge reached the correct decision.

The decree is affirmed.