Argued September 22, affirmed October 15, 1970

HAWKE, *Respondent,* v. HAWKE, *Appellant.*

475 P2d 591

*Robert J. Morgan,* Milwaukie, argued the cause for appellant. On the brief was Ralf H. Erlandson.

*N. Robert Stoll,* Portland, argued the cause for respondent. With him on the brief were Anderson, Hall, Lowthian & Stoll, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

The parties were divorced December 21, 1967. The custody of two minor children, then aged six and four, was awarded to the plaintiff mother, with support to be paid by the defendant father. The children remained with the mother until the middle of April, 1969. At that time she had to go to the hospital for surgery. She asked her former husband to look after the children during the period of her illness and recuperation. The husband, who had remarried three months after the divorce, agreed. While the children were with him the older child was given special tutoring (both during the school year and the ensuing summer) to resolve a serious reading difficulty. When the mother had recuperated from her surgery, she asked the father to return the children. At his request she allowed them to remain with him so the boy could continue with his tutoring until after the end of school. Thereafter her efforts to have the children returned to her by the defendant were unavailing. On July 18, 1969, plaintiff remarried. On July 28 she instituted proceedings to compel the defendant to comply with the decree and return the children to her, and increasing the child support. On August 4 he filed a motion asking for change of custody.

■ On August 14 the court heard the testimony. On September 10 it mailed a letter to both counsel, which does not appear in the record of the case, which the parties variously denominate as a "memorandum opinion" and as "findings of fact made by the Court by letter." In it he denied the defendant's motion for change of custody and ordered the return of the children to the plaintiff. Neither the letter nor the order subsequently entered refer at all to the plaintiff's motion for increased child support. Nor did

either the "findings" or the order state whether or not the defendant owed back support as plaintiff's motion contended. We assume, therefore, that both were denied. On September 15 the defendant filed objections to the court's "findings" and requested specific findings of his own. Defendant contends the court erred in "failing to hear" his objections and requests. We note the defendant did not ask for special findings as provided in ORS 17.431 (1). Nor did his motion ask for an oral hearing.

We presume that the trial court considered the objections and requests before entry of its final order. Its effect was a determination within the statute.

On September 16 the court entered its order denying the change of custody, but allowing defendant credit against his child support obligation for the five months the children were living with him. He also ordered that the "matter will be reviewed approximately six months from the date hereof for further evaluation" of the boy's school problem. Defendant has appealed from the order. Plaintiff has not cross-appealed.

■ No useful purpose would be served by further setting forth the evidence adduced at the hearing. We have carefully reviewed the transcript. The problem presented was a close one, particularly with respect to the boy. The trial court recognized this, as is shown by that part of its order directing a review of his educational progress at the end of the first school semester. No question is raised by the parties concerning that aspect of the order. We therefore do not decide whether, in the absence of a motion by either party, the trial court under ORS 107.130 (1) has the power on its own motion to order a subsequent re-

view, or to reserve as to one or more of the children a final decision under the rule of *Watson v. Watson,* 213 Or 182, 323 P2d 335 (1958), and *Stonebrink v. Stonebrink,* 2 Or App 328, 468 P2d 546 (1970).

In *Cooley v. Cooley,* 1 Or App 223, 227, 461 P2d 65 (1969), we said:

> "This court is reluctant to disturb the decree of the trial court as to the custody of children where the case is purely one of fact, and the evidence is sufficient to warrant the conclusion reached by the trial court. *Bennehoff v. Bennehoff,* 209 Or 224, 225, 304 P2d 1079 (1956) ; *Henry v. Henry,* 156 Or 679, 69 P2d 280 (1937)."

In *Rea v. Rea,* 195 Or 252, 245 P2d 884, 35 ALR2d 612 (1952), where child custody was the issue, the Supreme Court said:

> "* * * We are constrained to add however, that we have grave doubts as to whether any appellate court, acting on a cold record, is as likely to arrive at a wise decision concerning child custody, as is the trial judge who sees the parents, hears the testimony, and observes the child. It is for this reason that we have repeatedly held that the decision of the trial court is entitled to great weight in such cases. * * *" 195 Or at 261.

See also *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 91 Adv Sh 903, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

We think this is such a case. In exercising our duty to consider this matter de novo, we are not persuaded that the motion for change of custody should be allowed.

The judgment is therefore affirmed.