Argued January 21, affirmed March 5, 1971

IRVIN E. BROWN, *Respondent, v.*
BARBARA J. BROWN, *Appellant.*

481 P2d 643

*E. Scott Lawlor*, Eugene, argued the cause and filed the brief for appellant.

*John Svoboda*, Springfield, argued the cause for respondent. With him on the brief were Sanders, Lively & Wiswall, Springfield.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

This is an appeal by the defendant (mother), Barbara J. Brown, from an order which modified a divorce decree by changing custody of the minor child of the parties, Sherry Lee Brown, to the plaintiff (father), Irvin E. Brown.

Defendant appeals on the grounds that the trial court erred (1) in allowing testimony outside the scope of plaintiff's motion for a modification of the divorce decree and the affidavit in support of that motion; (2) in changing custody after making a finding of no jurisdiction; (3) in changing custody without sufficient change of circumstances; and (4) in changing custody against the best interests of the minor.

Plaintiff and defendant were divorced in 1967, with defendant being given the custody of the minor child. At the time of the divorce plaintiff did not object to the granting of custody of the child to the defendant mother. The plaintiff saw his daughter frequently at the home of his former wife following the divorce. The record shows that in the course of these visitations plaintiff noted certain conditions and circumstances which he believed were decidedly adverse to the welfare of the minor child. On the basis of

this alleged change in circumstances plaintiff filed the motion for change of custody which was granted below.

In her first assignment of error the defendant mother contends that a movant who is attempting to modify the custody section of a divorce decree is limited in his production of evidence to proof of events which occurred between the date of the last custody decree and the date of the filing of the motion to modify that decree.

We first turn to the statutory provisions dealing with modification of divorce decrees providing for custody of minor children of the parties.

ORS 107.290 provides in part as follows:

"Upon motion of either party at any time after a decree is given, the court may set aside, alter or modify so much of the decree as provides * * * for the care and custody of the minor children, for the nurture or education thereof, or both * * *."

The above statute is far from specific in spelling out the procedure to be followed. For example, the statute does not require the filing of an affidavit in support of the motion. Likewise it is silent as to the necessity of filing any supplemental pleadings before the moving party is permitted to offer evidence of events occurring subsequent to the filing of the motion for change of custody. Similarly, nowhere in ORS 107.290 is there any provision limiting the evidence and testimony in this type of proceeding to events occurring prior to the filing of the motion for change of custody. We have not been advised by counsel of any other statute or any local court rule spelling out any such requirements in proceedings of this type.

We next turn to the case law in this state on the question.

The Oregon Supreme Court has stated the general rule on numerous occasions. For example, in *Sakraida v. Sakraida*, 192 Or 217, 233 P2d 762 (1951), the court said at 226:

> "It is hornbook law that upon a motion of this sort the court will not go behind the decree and retry the divorce case. Edward [movant] recognized this by basing his motion upon matters alleged to have taken place subsequent to the date of the decree, although the evidence of both parties at the hearing took a wider range. The movant is confined to the matters alleged in his motion and supporting affidavit. As to these he has the burden of proof. *Leverich v. Leverich*, 175 Or. 174, 180, 152 P.2d 303. Jean [opposing party] was entitled to notice, by appropriate allegations in the motion and supporting affidavit, of all the grounds upon which Edward intended to rely. *Hurner v. Hurner*, 179 Or. 349, 357, 170 P.2d 720."

See also *Bogh v. Lumbattis*, 203 Or 298, 300, 280 P2d 398 (1955); *Henrickson v. Henrickson*, 225 Or 398, 402, 358 P2d 507, 509 (1961).

Absent the filing of a supplemental motion and affidavit, the adverse party may object to the introduction of evidence which tends to prove grounds not alleged in the pleadings. If the adverse party is taken by surprise and satisfies the court that he has actually been misled to his prejudice, the court may order that the original motion and affidavit be amended or supplemented. In addition he may make application for a continuance if necessary in order to secure witnesses and prepare his defense.

■ In the case at bar, the defendant objected to evidence of events occurring after the date of the

filing of the motion to modify. The trial court offered the defendant an opportunity for a continuance if evidence was introduced which defendant felt caused prejudice because of surprise. The defendant did not avail herself of this opportunity. Having in effect waived her opportunity for a continuance, the defendant cannot now object to the trial court's refusal to exclude the evidence.

Defendant's next assignment of error concerns a statement made by the court after closing arguments. The court stated:

"* * * I don't think there is circumstance to give the Court jurisdiction to make a change in custody * * *."

Defendant contends that this statement constituted either a special or general finding of fact. This contention is without foundation. A reading of the transcript shows that the judge, rather than making a finding of fact, was merely voicing a preliminary reaction. Shortly after the above statement was made, the judge stated that he was going to take the matter under advisement and wanted time to reflect upon the testimony. Following this the judge said:

"I will announce the decision to counsel shortly, not today * * *."

■ Lastly, we consider the defendant's third and fourth assignments of error together. Great caution should be exercised by an appellate court in overturning a decree of a trial court as to the custody of children where the determination is purely one of fact and the evidence is sufficient to warrant the conclusion reached by the trial judge. *Stonebrink v. Stonebrink,* 2 Or App 328, 468 P2d 546 (1970); *Cooley v. Cooley,* 1 Or App 223, 227, 461 P2d 65 (1969). This

principle was well stated in *Rea v. Rea,* 195 Or 252, at 261, 245 P2d 884 (1952):

> "* * * [W]e have grave doubts as to whether any appellate court, acting on a cold record, is as likely to arrive at a wise decision concerning child custody, as is the trial judge who sees the parents, hears the testimony, and observes the child. It is for this reason that we have repeatedly held that the decision of the trial court is entitled to great weight in such cases. This court is ill-equipped to exercise a wise and humane discretion on a record which, of necessity, fails to disclose the subtle, but highly persuasive, evidences which are manifest to the trial judge. A wise appraisal of the character, fitness, emotional stability, affection, hostility, or motive, of the parties to a contested divorce case, who are competing for the custody of a child, or a like appraisal of the inner attitude of the child itself, requires more than can generally be made to appear on the printed page."

■ We have reviewed the record and are satisfied that the court correctly concluded that a change of circumstances had occurred since the original decree and that the best interests of the child would be served by awarding custody to the plaintiff.

The order below is affirmed without costs to either party.