Argued July 28, affirmed September 8, 1972

RORER, *Respondent, v.* RORER (No. 71712), *Appellant.*
500 P2d 734

*Leslie M. Swanson, Jr.,* Eugene, argued the cause for appellant. With him on the briefs were Johnson, Johnson & Harrang and James P. Harrang, Eugene.

*Edward N. Fadeley,* Eugene, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

This is an appeal by the defendant mother from a decree of the circuit court for Lane County refusing to modify the visitation and custody provisions of the original divorce decree granted to plaintiff father in

May 1964. The questions presented for our decision are:

(1) Did the defendant show a change in circumstance sufficient to support the requested modification; (2) did the court apply an erroneous standard in denying the modification; (3) did the denial of the motion to modify constitute error; and (4) was the trial court wrong in placing upon the defendant the burden of showing a change in circumstance?

The visitation and custody arrangements involved in this appeal were agreed to by the parties, prior to their divorce, in a settlement agreement, which provided for support, custody and the settlement of property rights, and in a later addendum to that agreement which somewhat altered the provisions as to custody and visitation. The agreement and addendum were approved by the court and incorporated into the divorce decree of May 1964.

Under the agreement and decree the mother received general custody of the parties' two children, Liat and Eric, while the father retained certain visitation rights. Included among these rights was a provision for a summer vacation by the children with the father, which vacation period was to lengthen as the children became older. Liat and Eric have now spent several summers with their father. The visitations have posed no major problems between the parties.

The provision of the agreement which has brought the matter before this court, and of which the defendant mother now complains, establishes what might be termed a "two year transfer." Under the transfer arrangement the children are to spend two school-year periods with their father, visiting with their mother during the summer vacation. According to the agree-

ment this transfer is to occur before each of the children completes the eighth grade.

However, the agreement also provides that if "the Wife shall believe that some harm might be done to the child" as a result of the transfer, that then she may seek "the opinion of a disinterested third party." The trial court found that, in lieu of this right, the defendant mother had submitted the matter to judicial determination.

At the time of the divorce, in 1964, the two Rorer children, Liat and Eric, were three and one, respectively. They are now 12 and 10, and in the 1972-73 school year Liat will be entered in the seventh grade, with Eric in the fifth grade.

Both parents have now remarried. Two children currently reside within the plaintiff father's household, one a daughter of the present marriage, and the other the wife's son by her prior marriage. In addition to Liat and Eric, the defendant mother has adopted her husband's three sons by a former marriage. Liat and Eric apparently have adjusted to their stepfather, and to their "new" brothers.

The father continues to reside in Eugene, Oregon, the site of the divorce. Defendant mother, since her remarriage, has moved to California and now lives in Mill Valley.

Both the plaintiff and defendant, as well as their current spouses, are psychologists, each professing knowledge and experience in understanding behavior patterns and performance.

The parties' relationship since the divorce as to visitation and custody has been amicable. However, the defendant mother now feels that the two-year

transfer arrangement is unwise, particularly if exercised at this time. She asserts, in essence, that the children should not now be uprooted and removed from their current home, school and friends.

Both the plaintiff and defendant called several psychologists as witnesses whose testimony indicated that they spoke largely in terms of professional generalities, rather than from any personal acquaintance with the children or the home life of either family. This testimony conflicted as to the effect of the two-year transfer on the development and education of Liat and Eric. Some witnesses felt that this transfer might prove detrimental, whereas others indicated that such a change in environment could provide significant opportunities for personal growth.

Liat and Eric were interviewed informally by the judge in chambers. While they expressed some reluctance to leave school, friends and family in California, both voiced affection for their father and his present wife. Both had enjoyed their last previous summer visitation in Eugene.

Although the trial judge expressed sympathy with the defendant mother's position, the court still found that having submitted the controversy to judicial resolution, the defendant had failed to show a change of circumstance sufficient to support a modification of the decree. In addition, the court held that the mother had not presented substantial evidence that the best interest of the children would be served by modification to eliminate the transfer provision.

■ The defendant asserts that the trial judge erred in charging her with the burden of showing a change in circumstance. The general rule is that the party seeking modification of a divorce decree must bear

the burden of proof. *Bogh v. Lumbattis,* 203 Or 298, 280 P2d 398 (1955) ; *Mackey v. Mackey,* 9 Or App 113, 496 P2d 21 (1972) ; *Reid v. Reid,* 7 Or App 154, 490 P2d 215, Sup Ct *review denied* (1971). This burden is met by evidence of a change in circumstance occurring since the decree, which change is adverse to the child's welfare. *Bogh v. Lumbattis,* supra.

■ Defendant mother does not contest this rule. However, she claims that, in effect, the father in this case is attempting a change of custody and that therefore he must bear the applicable burden.

That is not an accurate characterization of this case. Here the two-year transfer arrangement was designed by the parties in their settlement agreement and the addendum thereto. The arrangement was incorporated into the divorce decree. Clearly, the father is not the party who has sought to alter that decree.

Since the defendant here desires to modify the divorce decree she must be charged with the burden of proof.

The defendant next contends that, even if she must bear the burden of proof, the trial court erred in its finding that she had not sustained this burden. Defendant maintains that the evidence demonstrated a sufficient change in circumstance occurring since the divorce decree.

■ However, the only changes have been the remarriage of both parties, the defendant's move to California and the children's increased familiarity with their stepfather and stepbrothers, and with their friends and school in Mill Valley. Notably, most of these changes have been the result either of defendant's actions or the mere passage of time.

Certainly the defendant is most concerned with the possible adverse effects on the children of a prolonged change in living environment. The psychological testimony as to the existence and extent of such a negative effect was in conflict. The children's testimony was somewhat ambivalent.

■ In such a situation, when the testimony indicates no clear resolution, the evidentiary findings of the trial judge are entitled to considerable weight. *Godfrey v. Godfrey,* 228 Or 228, 364 P2d 620 (1961); *Hawke v. Hawke,* 3 Or App 514, 475 P2d 591 (1970); *Stonebrink v. Stonebrink,* 2 Or App 328, 468 P2d 546 (1970). The trial judge had the opportunity to talk with and observe the witnesses, especially the children, an advantage unavailable to an appellate court.

The evidence amply supports the conclusion of the circuit court that no sufficient change of circumstance was demonstrated by the defendant, and this conclusion should not now be disturbed.

Next, the defendant mother complains that she was forced to show that, absent modification, the children would be harmed. She asserts that this is not the proper test.

■ The trial court found that, "there is no substantial evidence that the *best interest of the children* will be served by modifying the decree of divorce * * *." (Emphasis supplied.) Thus, the court was concerned primarily with the *best interests* of the children. This is the proper focus. *Godfrey v. Godfrey, supra.*

As above, the court's finding as to the best interests of the children is entitled to weight in this appeal, is supported by the evidence, and should be sustained.

■ Finally, the defendant asserts, in effect, that the trial judge put too much emphasis on the agreement

signed by the parties. This claimed overemphasis is not apparent from the record. Certainly, the terms of an agreement are not binding on the trial court, nor does the existence of an agreement alter this court's power to modify a decree, even though such an agreement may have been approved in the decree. Further, ORS 107.290 specifically authorizes the court to "set aside, alter or modify so much of the decree as provides for * * * the care and custody of the minor children * * *." *Laurance v. Laurance,* 198 Or 630, 258 P2d 784 (1953). However, where, as here, the agreement reflects "the deliberate compact of the mother and the father to which they came after many discussions, it, obviously, is entitled to very careful consideration * * *." *Flanagan v. Flanagan,* 195 Or 611, 619, 247 P2d 212 (1952). The facts of the *Flanagan* case are strikingly similar to those in the instant case.

Affirmed.