Argued August 20, affirmed as modified September 28, petition
for rehearing denied by opinion November 13, 1973, petition
for review denied January 15, 1974

A., *Appellant, v.* A., *Respondent.*

514 P2d 358
515 P2d 730

■■■■■■■■■■■■■■

■■■■■■■

*Donald C. Walker,* Portland, argued the cause and filed the brief for appellant.

*Anne K. Schneider,* Oregon City, argued the cause for respondent. With her on the brief were Santos and Schneider, Oregon City.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

■■■■■■■■

THORNTON, J.

This is a child custody appeal. The sole question presented is this: Did the trial court err in deciding after an evidentiary hearing that the mother (plaintiff) had not offered sufficient proof of a change in circumstances to justify changing the custody of her two sons, aged 13 and 11 years, from their father to her.

Plaintiff and defendant were married in 1958. Both boys involved in this proceeding were born of this marriage.

In 1961 plaintiff filed for divorce, requesting custody of the boys. Defendant father filed a cross-complaint requesting the same relief. When the case came on for trial plaintiff presented no evidence and in fact did not attend the trial. On December 6, 1961, the court granted a divorce to defendant, awarding him custody of the two boys who at that time were aged two years and nine months respectively. The decree incorporated a separate written property settlement agreement in which the parties agreed the father was best suited for custody.

Since the 1961 divorce the boys have continued to live with their father in the same house and city. While holding down a full-time job, he has managed to raise the children with the assistance of babysitters, neighbors and friends. During this 11-year period between the divorce and the motion to modify, the mother has not maintained any relationship with her sons even though the divorce decree granted her visitation rights and she lived in the Portland area until March 1972.

The evidence reveals that the mother had visited the children several times in 1962, but has had substantially no contact, not even a birthday or Christmas card, from September 1962 to July 1972, a period of almost 10 years. At the hearing her explanation for this lack of contact was that she did not wish to subject the boys to the emotional strain caused by the inevitable arguments she would have with their father whenever she did visit.[1]

The evidence further reveals that plaintiff mother later married the man with whom she was involved at the time of the 1961 divorce, but this marriage also ended in divorce.

At the time of the present custody hearing (September 15, 1972), plaintiff had been married to her third husband for only one week. The evidence was that she has lived with him since March 1972, and

[1] A similar explanation was offered to explain a five-year absence after a divorce in Dunne v. McCashum, 13 Or App 66, 508 P2d 821 (1973), an adoption case; however, the court held that the natural mother had neglected to provide proper care and maintenance. ORS 109.324. Therefore the father and his new wife, who had custody, were permitted to adopt the children without the consent of the mother. See also, Evans v. Wilkes, 48 Ala App 363, 265 So2d 145, cert denied 288 Ala 742, 265 So2d 147 (1972), where the court denied a mother visitation rights after a six-year absence.

was not married at the time she commenced the present proceeding seeking custody of the two boys. The couple now resides in Colorado.

Plaintiff mother alleged that she should be granted custody of the boys because defendant father is a homosexual[②] and this renders the home environment detrimental to the welfare of the boys.

Plaintiff's suspicions as to defendant's homosexuality appear to be directed primarily toward defendant's relationship with a man who lived in the family home with defendant and the boys for some two years immediately prior to the filing of this proceeding, and who had only recently moved out. The two men were also partners in a small business enterprise. Defendant testified in considerable detail concerning all aspects of the case. On cross-examination he stated that he believed he "might have possible homosexual traits and tendencies" but categorically denied actively carrying on any homosexual activity.

After hearing evidence presented by both parties, and talking to both boys in chambers, the trial judge concluded that the welfare of the children would be best served by allowing them to remain with their father, and denied the mother's motion. In addition the court's order placed certain conditions on the father's custody designed to safeguard the home environment against possible pernicious influences, including prohibiting defendant's partner or any other man from living in the family home.

■ On appeal plaintiff mother alleges that the trial court's decision is erroneous based on certain alleged

---

[②] Plaintiff alleges that she learned of this in August 1972; however, she testified that prior to their 1961 divorce she thought defendant might be homosexual.

findings of fact. The court made no formal findings. An examination of the record shows that the "facts" to which plaintiff refers are not findings at all. They are merely comments made by the judge in colloquies with counsel during the course of the case. At best, they are an indication of the judge's reaction at that point in the trial and are not to be construed as findings of fact. *Brown v. Brown,* 4 Or App 621, 625, 481 P2d 643 (1971).

■ To support a motion for modification of child custody the plaintiff has the burden of showing that a substantial change of circumstances and conditions has occurred since the prior order respecting custody; that this change has been adverse to the children's welfare; and that a change of custody from the father to the mother would be in the best interests of the children. *Bogh v. Lumbattis,* 203 Or 298, 300, 280 P2d 398 (1955); *Mace v. Mace,* 9 Or App 435, 438, 497 P2d 677 (1972). Further, this change must be quite *real.* *Mackey v. Mackey,* 9 Or App 113, 115, 496 P2d 21 (1972); *McCutchan v. McCutchan,* 5 Or App 96, 98, 483 P2d 93 (1971).

■ In child custody proceedings this court reviews de novo; however, the decision of the trial court is afforded considerable weight. *Ballard v. Ballard,* 233 Or 74, 377 P2d 24 (1962); *Mace v. Mace,* supra; *Amundson v. Amundson,* 7 Or App 33, 489 P2d 983 (1971). As our Supreme Court said in *Henry v. Henry,* 156 Or 679, 69 P2d 280 (1937):

> "* * * This court will not disturb the decree of the trial court as to the custody of the children when the case is purely one of fact and the evidence is sufficient to warrant the conclusion reached by the trial court * * *." 156 Or at 683. *Accord,*

*Kroll v. Kroll,* 241 Or 576, 407 P2d 643 (1965);
*Cooley v. Cooley,* 1 Or App 223, 461 P2d 65 (1969).

The reasons underlying the above rules are stated in *Rea v. Rea,* 195 Or 252, 245 P2d 884, 35 ALR2d 612 (1952):[9]

"* * * [W]e have grave doubts as to whether any appellate court, acting on a cold record, is as likely to arrive at a wise decision concerning child custody, as is the trial judge who sees the parents, hears the testimony, and observes the child. It is for this reason that we have repeatedly held that the decision of the trial court is entitled to great weight in such cases. This court is ill-equipped to exercise a wise and humane discretion on a record which, of necessity, fails to disclose the subtle, but highly persuasive, evidences which are manifest to the trial judge. A wise appraisal of the character, fitness, emotional stability, affection, hostility, or motive, of the parties * * *, who are competing for the custody of a child, or a like appraisal of the inner attitude of the child itself, requires more than can generally be made to appear on the printed page." 195 Or at 261. *Accord, Hawke v. Hawke,* 3 Or App 514, 517, 475 P2d 591 (1970).

Our research has disclosed but one case in which an appellate court has considered a fact situation similar to that involved here. In *Nadler v. Superior Court,* 255 Cal App2d 523, 63 Cal Rptr 352 (1967), the court held that homosexuality on the part of one parent does not make such parent unfit as a matter of law to have custody of children.

■ We have examined the entire record and are of the opinion that plaintiff's evidence did not show

[9] *See, e.g., Kroll v. Kroll,* 241 Or 576, 407 P2d 643 (1965); *Read v. Read,* 229 Or 113, 366 P2d 164 (1961); *Shrout v. Shrout,* 224 Or 521, 356 P2d 935 (1960); *Bennehoff v. Bennehoff,* 209 Or 224, 304 P2d 1079 (1956).

that the two boys were being exposed to deviant sexual acts or that the welfare of the boys was being adversely affected in any substantial way.

In summary, plaintiff mother has not shown that there has been a substantial, *real* change of circumstances, such as will "overcome the damage done to a child who is exposed to shifting parental figures." *McCutchan v. McCutchan,* supra at 98; cf., *Gallagher v. Gallagher,* 187 Or 625, 212 P2d 746 (1949).

Taking into consideration the factors set out in *Tingen v. Tingen,* 251 Or 458, 459, 446 P2d 185 (1968), and according weight to the findings and conclusions of the trial judge, who saw and heard the witnesses and had the opportunity to speak with the boys themselves, we cannot say that the result reached by the trial judge is clearly wrong. *See, Read v. Read,* 229 Or 113, 366 P2d 164 (1961).

We approve the conditions imposed by the trial judge on the father's custody. In addition we believe that the father's custody should presently be under the supervision of the proper juvenile authorities. *See, Christy v. Christy,* 244 Or 575, 419 P2d 425 (1966); *Goode v. Goode,* 4 Or App 34, 476 P2d 805 (1970).

Therefore we direct that the order of the trial court retaining custody of these children with defendant father be modified to provide for supervision by the Clackamas County Juvenile Department. Otherwise the decree is in all respects affirmed. The matter is remanded for entry of a decree in conformity herewith.

Affirmed as modified.

## ON PETITION FOR REHEARING

Donald C. Walker, Portland, for appellant.

Anne K. Schneider and Santos and Schneider, Oregon City, for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Plaintiff has filed a petition for rehearing and a document entitled "Application for Writ of Coram Vobis" by which she seeks to bring before this court

on rehearing certain claimed newly discovered evidence. On the basis of this evidence, which consists of two undated letters purportedly written by the two minor sons of the parties to plaintiff's attorney subsequent to the trial in circuit court, plaintiff requests that this court issue a writ of coram vobis directing the trial court to include these statements as part of the evidence submitted, "or that interrogatories be authorized to obtain the evidence alluded to * * *."

Defendant responds to the above claims by charging that plaintiff has no standing to seek relief from the courts of this state because she has since wrongfully removed both minor children from Oregon to Colorado, where they are still being kept under the control of plaintiff and her present husband.

Plaintiff submits no authority in support of her contention that the common law writ of coram vobis exists in this state.

Even assuming arguendo that this court may in a proper case entertain an application for writ of coram vobis, this court is without authority to hear or consider the above evidence. *Taylor et ux v. Grant et al,* 204 Or 10, 279 P2d 479, 279 P2d 1037, 281 P2d 704 (1965). Plaintiff's contentions based on the claimed newly discovered evidence referred to above may, if she chooses, be presented to the trial court in the manner provided by ORS 107.135, where the case can be considered and the issue determined in the manner provided by law.

Plaintiff's petition for rehearing is also without merit.

Petition for rehearing and application for writ of coram vobis denied.