Argued May 17, affirmed June 11, reconsideration denied July 17,
petition for review denied September 4, 1974

YEAMANS, *Appellant, v.* YEAMANS, *Respondent.*

523 P2d 565

*Gerald R. Pullen,* Portland, argued the cause and filed the brief for appellant.

*Raymond R. Bagley, Jr.,* Oregon City, argued the cause for respondent. With him on the brief were Jack, Goodwin & Urbigkeit, Oregon City.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

This is an appeal by the plaintiff mother from an order modifying the child custody provisions of a previous divorce decree. The motion to modify was filed by the defendant father.

Plaintiff contends that the trial judge erred in finding that the defendant had established a sufficient change of circumstances to justify changing custody of the four minor children of the parties to the defendant.

Plaintiff and defendant were married in 1963. At the time of the marriage the plaintiff was 15 years of age and the defendant 21 years. The parties were divorced in January 1972, with plaintiff being given the custody of the children, one girl and three boys. At the time of these proceedings the boys were 10, 6 and 3 years of age, and the little girl was 7. At the time of the divorce defendant did not appear and did not object to the decree granting custody of the children to plaintiff and requiring him to pay $240 a month child support.

Following the divorce, plaintiff moved into her parents' home, a comfortable three-bedroom house,

with the children. One month later plaintiff moved out of her parents' home and set up housekeeping a short distance away with a young man with whom she had become acquainted. The children, however, continued to live with plaintiff's parents. Although plaintiff's mother (age 51) is employed full time as a supermarket checker, it appears from the evidence that she devotes considerable time to the children and is the dominant parental figure in the household, so far as the children are concerned. Plaintiff's maternal grandmother (age 70) also lives in the family home. She cares for the children while plaintiff's mother is away at work. Plaintiff's father (age 55) operates a small television repair business which adjoins the family home. Owing to the nature of his work he is around the house about half of the time and provides some incidental care and supervision. The children appear to be happy and well adjusted. They are doing well in school and attend Bible school and church regularly.

Plaintiff testified that she has been married for approximately two months to the young man with whom she has been living since the divorce; that she is usually employed full time and works nights; that she goes to her parents' home almost daily to visit with her children and assist in caring for them; that she and her new husband also take the children to their residence on occasion as well as on recreational trips. She also testified that in due time she and her new husband hope to have the children in their home permanently.

Defendant testified that after he and plaintiff separated, he also set up housekeeping with a young woman, but that they have been married since November 1972. He testified that he has visited his children

from time to time at the home of plaintiff's parents and has taken them on short outings, but that previously he had difficulty obtaining visitations with his children. This was denied by plaintiff and by her family. Around Christmas of 1972, defendant made arrangements to take the children every other Sunday and has continued this visitation since that time.

The evidence establishes that the defendant is steadily employed at good wages, and has been with his present employer continuously for approximately eight years; that his new wife gets along well with the children; that she is prepared to terminate her employment with the University of Oregon Medical School, if custody of the children is given to defendant, so that she would be present in their home to provide full-time daily care and supervision.

The issue before us is: Did the defendant fulfill his burden of proof by proving a substantial change of circumstances from those existing at the time of the decree? (*Bogh v. Lumbattis,* 203 Or 298, 280 P2d 398 (1955).)

It appears from the evidence that the plaintiff moved out of her parents' home shortly after the divorce and, although she loves her children and sees them frequently, she has surrendered the major share of the responsibility for raising the children to her parents and her maternal grandmother.

As our Supreme Court said in *Shrout v. Shrout,* 224 Or 521, 356 P2d 935 (1960), in providing for the custody of children, the controlling consideration is the welfare of the children. *Accord: Rorer v. Rorer,* 10 Or App 479, 500 P2d 734 (1972). But it is to the mother or father, rather than to relatives that

preference is to be accorded in determining the matter of custody. As our Supreme Court stated in *Fisher v. Fisher,* 133 Or 318, 320, 289 P 1062 (1930), where the child was in the care of the wife's aunt:

"* * * As against third persons the natural rights of the parents prevail, unless it is clearly shown that the welfare of the child demands that it be taken from them * * *."

To the same effect, *see Burzynski v. Burzynski,* 2 Or App 459, 468 P2d 548 (1970). Similarly in *State ex rel Juv. Dept. v. Hayes,* 16 Or App 438, 519 P2d 104 (1974), where the natural mother of the child had committed suicide, it was held that grandparents do not have standing to appeal an order terminating the parental rights of the natural father and awarding custody to the Children's Services Division.

While we are convinced that plaintiff's parents and grandmother have devoted a great amount of time and money, and more important, a great amount of love, to the raising of these children, and have discharged these duties with admirable competence, nevertheless, as in *Hogan v. Hogan,* 6 Or App 122, 486 P2d 1309 (1971), we are compelled to conclude from the record that plaintiff left her children in the custody of her parents and has, in effect, delegated her primary parental responsibilities to her relatives.

■ We believe that this action by plaintiff, coupled with the evidence and demonstration of a greater degree of maturity and stability on the part of defendant and the establishment of a stable home situation, would constitute a sufficient change of circumstances to support the order of the trial judge.

■ Having reviewed the entire record, including the report of custody investigation by the Clackamas

County Juvenile Department, taking into consideration the factors set out in *Rea v. Rea,* 195 Or 252, 245 P2d 884, 35 ALR2d 612 (1952), and according weight to the conclusion of the trial judge, who saw and heard the witnesses and had an opportunity to speak to the two older children (*A. v. A.,* 15 Or App 353, 514 P2d 358, 515 P2d 730 (1973), Sup Ct *review denied* (1974)), we agree that a change of circumstances has occurred since the original decree was entered, and that the best interests of these four children would be served by awarding their custody to defendant. *Brown v. Brown,* 4 Or App 621, 481 P2d 643 (1971).

Affirmed. No costs to either party.