On appellant's petition for reconsideration filed September 9, 1975. Former opinion filed August.11, 22 Or App 322, 538 P2d 950 (1975), former opinion modified October 13, 1975

STATE OF OREGON, *Respondent, v.* JOSEPH WALTER TEMPLETON (No. C 74-12-3877 Cr), *Appellant.*

541 P2d 163

Stephen A. Moen, Portland, for petition.

Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem, contra.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

### THORNTON, J.

Defendant petitions for reconsideration of our previous decision, contending that we erred in several particulars. We have undertaken reconsideration of the case pursuant to Rule 9.15, Rules of Procedure of this court. First, defendant asserts that we were in error in stating that defendant contacted Wright, the police informer, on October 21 to express his willingness to go through with the previously planned marihuana transaction.

■ Defendant's first point is well taken. After re-examining the transcript we find that apparently Wright, the informer, contacted the defendant on October 21, rather than the other way around as we

stated in our opinion. Defendant does not contend that this error affects the outcome of the case. We agree. The important thing is not who called whom on the 21st, but rather that defendant and Wright had a conversation on October 21 in which defendant re-affirmed his interest in going through with the transaction which fell through on the 18th. Muncy, the undercover police officer, testified that Wright told him that he (Wright) had talked to defendant on that date, and that defendant "wanted to do the deal earlier that day, and because we [the narcotic unit] had other business * * * that night, I couldn't have done it that night." As a result Muncy and Wright agreed that they would meet again on the following day. They met the next day and went to defendant's house where the negotiations were resumed. Defendant in his brief in support of his petition for reconsideration does not deny that the above described conversation b e t w e e n defendant and Wright took place.

Defendant's second point is that our decision denied him due process of law by convicting him of an offense which occurred on a different date, and "for which he was not charged and confronted."

We cannot agree.

■ The culpable acts of defendant began on October 18. Although the indictment names October 22 as the date of the offense, time is not a material element of the offense of furnishing a narcotic. ORS 167.207. This is the general rule as to most criminal violations. For example, in *State v. Howard,* 214 Or 611, 331 P2d 1116 (1958), where the indictment charged that the crime of sodomy was committed on September 27, and the state proved that it was committed on August 1, our Supreme Court sustained the conviction against a similar challenge. Likewise in *State v. Newton,* 1 Or App 419, 463 P2d 372 (1970), where the indictment

charged that the crime of assault and battery occurred on September 4, and the state proved that it was committed on September 3, this court rejected a similar contention. Thus, as we see it, defendant's conduct was all part of a single continuing transaction commencing on October 17 and continuing through October 22. *See, e.g., State v. Reed,* 15 Or App 593, 517 P2d 318 (1973); *State v. Boyd,* 15 Or App 650, 517 P2d 321 (1973), Sup Ct *review denied* (1974). In light of the original meeting of defendant and Larry Wright on October 17, defendant's inquiry to Muncy on October 18 would constitute an offer to furnish on October 18. Moreover, defendant reaffirmed his intentions when Wright contacted him on October 21, as we have noted above.

Additionally, as a part of this contention that this court erred in holding that defendant's acts on October 18 constituted the crime of furnishing, defendant points to a statement of the trial court during a colloquy with counsel in which the court stated " * * * I am not willing to consider what occurred on the 18th, other than simply as background. I don't think it's part of that occurrence." Defendant argues that these words constituted a finding of fact which is binding on this court.

■■ It is true that as a general rule a trial court's finding on a disputed question of fact is binding on this court. However, contrary to defendant's argument, the foregoing statement of the trial judge would hardly constitute a finding of fact, let alone a "holding." *See, State v. Swain/Goldsmith,* 267 Or 527, 517 P2d 684 (1974). *See also, A. v. A.,* 15 Or App 353, 356-57, 514 P2d 358, Sup Ct *review denied* (1974), and *Brown v. Brown,* 4 Or App 621, 625, 481 P2d 643 (1971). In *A. v. A.* and *Brown v. Brown,* both supra, the same contention concerning similar comments by trial judges was considered and rejected by this

court.[1] Here there were no formal findings of fact made by the court. Taking the above words at face value, the fact that the trial court did not view the defendant's actions on October 18 as an offer to furnish was not a finding of fact but at most a preliminary legal conclusion from the evidence. With all due respect to the trial court's preliminary conclusion on this point, we cannot agree. The trial judge's statement would of course not be binding on the appellate court.

■ As we stated in our original opinion, the crux of this case is the application of the term "furnishes" in ORS 167.202(3) to the facts. Defendant admitted most, if not all, of the essential facts at trial when he took the stand in his own defense. His defense was, and still is, that he was no more than a co-purchaser of the marihuana, and that therefore under *State v. Buchanan*, 8 Or App 150, 493 P2d 184 (1972), he could not be guilty of furnishing a narcotic. In his brief on review, defendant persists in his refusal to recognize the breadth of the statutory definition of the term "furnishes" in ORS 167.202(3).[2] We can add nothing to what we have already said on this point.

Having re-examined the record and the authori-

---

[1] In rejecting this same contention in A. v. A., 15 Or App 353, 357, 514 P2d 358, Sup Ct *review denied* (1974), we stated:

"* * * An examination of the record shows that the 'facts' to which plaintiff refers are not findings at all. They are merely comments made by the judge in colloquies with counsel during the course of the case. At best, they are an indication of the judge's reaction at that point in the trial and are not to be construed as findings of fact."

[2] This definition was added to our statutes in 1971 when the legislature, in enacting the new criminal code, substantially expanded the scope of the narcotic and dangerous drug laws and created a series of new drug offenses. Prior to that time the term "furnish" apparently did not exist in the drug laws nor did the then existing law cover some of the prohibited conduct encompassed by the new definition, including the conduct with which this defendant was charged.

ties cited, and considered defendant's further arguments, we are still of the opinion that defendant's acts on October 18 (not October 17 as inadvertently misstated in the concluding portion of the opinion) constituted 'furnishing'; that defendant was not deprived of due process of law by our conclusion; that the date was not a material element of the crime of 'furnishing'; and that defendant was properly found guilty of the charge.

Former opinion modified.