Argued February 23, affirmed March 15, 1976

In the Matter of Dissolution of the Marriage of
JENKINS, *Appellant,*
*and*
JENKINS, *Respondent.*
(No. 6867, CA 5057)
546 P2d 1094

*Julia L. Boston,* Portland, argued the cause for appellant. With her on the brief were Colombo, Danner and Boston, P. C., Portland.

*Irvin D. Smith,* Burns, argued the cause and filed the brief for respondent.

Before Schwab, C. J., and Foley and Lee, Judges.

LEE, J.

**LEE, J.**

This is an appeal from the child custody provisions of a decree dissolving the marriage between the parties. Appellant-wife contends that the trial court erred in granting custody of the two children (a boy age four and a girl age one and one-half) to the respondent-husband.

Several witnesses who had an opportunity to observe the appellant's care of the children testified that she did not seem very interested in them. There was conflicting testimony concerning appellant's home-making skills.

By contrast, there was no evidence that the respondent was inadequate as a parent. Several witnesses testified that the respondent showed interest in the children. There was further testimony that the respondent kept his home clean and cared well for the children, and that they seemed happy to be with him.

Some of the factors to be considered in the award of custody have recently been codified, Oregon Laws 1975, ch 722, § 2, p 1975.[1]

---

[1] Oregon Laws 1975, ch 722, § 2:

"(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

"(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.

"(4) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall consider the conduct, marital status, income, social environment or life style of either party only if it is shown that any of these factors are causing or may cause emotional or physical damage to the child."

[ 711 ]

After applying these factors to the instant case we reach the same result as that of the trial court.

We also bear in mind that the trial court saw and heard the witnesses and its decision is therefore entitled to great weight. *Rea v. Rea,* 195 Or 252, 261, 245 P2d 884 (1952); *Amundson v. Amundson,* 7 Or App 33, 35-36, 489 P2d 983 (1971). This is especially true where, as here, there is considerable conflict in the testimony. *Rorer v. Rorer,* 10 Or App 479, 485, 500 P2d 734 (1972).

Affirmed.