Argued March 11, reversed and remanded March 26, 1958

# LANGENBERG *v.* STEEN
### 322 P. 2d 1087

*H. V. Johnson,* Eugene, argued the cause for appellant. With him on the brief were Harold V. Johnson, Jr., and James P. Harrang, Eugene.

No appearance for respondent.

Before PERRY, Chief Justice, and WARNER, McALLISTER and SLOAN, Justices.

SLOAN, J.

This is a habeas corpus proceeding to determine the custody of Patricia Ellen Norton, the daughter of plaintiff and her former husband, Bramwell Norton. Patricia was born on May 7, 1943, lawful issue of such marriage. When Patricia was two months old, she was placed by her mother in the custody of defendant, Lenore Steen. The plaintiff and Bramwell Norton were divorced by a decree of the circuit court for Linn county on February 1, 1944, which awarded custody of Patricia to her father. After the entry of the decree, the father also committed the care of the child to Mrs. Steen and thereafter and until his death on May 30, 1955, contributed to the support of said child, frequently visited her and retained an interest in her welfare. With the exception of a short period in September and October of 1943, Mrs. Steen has had the cus-

tody of the child from about July 2, 1943, until the hearing of this proceeding in the lower court. This proceeding was filed shortly after Bramwell Norton's death. The lower court awarded custody of Patricia, now 15 years of age, to the plaintiff.

We believe that no good purpose will be served by detailed statement and analysis of the testimony and evidence submitted to the trial court at the trial of this proceeding. The record has been examined by this court with great care.

■ Habeas corpus to determine the custody of a child has received thorough consideration by this court. The rules to be applied are fully settled. *Bartlett v. Bartlett,* 175 Or 215, 152 P2d 402; *Quinn v. Hanks,* 192 Or 254, 233 P2d 767; *Lorenz v. Royer,* 194 Or 355, 241 P2d 142, 242 P2d 200. As stated by Mr. Justice Tooze in *Quinn v. Hanks:*

> "* * * in all such cases the polar star principle guiding the court in its final determination of the issues is the best interests and welfare of the child."

■ Such consideration of the entire record in this proceeding leads this court to conclude that the welfare and interests of this child will be best served by retaining the custody of the child with the defendant. It is most heavily weighted by the fact that the only home ever known by this child has been in the home of the defendant. The evidence clearly reflects that she has there received every care and attention that a natural mother could bestow. To change the home and method of life of a girl now 15 years old under the circumstances disclosed by the evidence of this case would be highly detrimental to the best interests and welfare of the child. It follows that the decree of the lower court must be reversed.

■ There is one further matter of serious consideration, and that is the necessity of and the power of the court to determine the advisability of and periods of visitation by this child in the home of the plaintiff. This question has received exhaustive treatment by Mr. Justice Brand in the case of *Bartlett v. Bartlett,* 175 Or 215, 245 et seq., and it is there concluded that the circuit court does have power to fix and determine such rights. It is therefore ordered that the able and conscientious trial court hear such additional evidence as he may deem necessary to fix and determine the rights of visitation of the plaintiff.

■ Under the circumstances of this proceeding, the court is of the opinion that costs should not be awarded upon this appeal.

Reversed and remanded for further proceedings not inconsistent herewith.