In the Matter of the Marriage of

## HRUBY,
*Petitioner,*

*and*

## HRUBY,
*Respondent.*

## FRANK,
*Intervenor - Appellant,*

*v.*

## HRUBY,
*Intervention Defendant - Respondent.*

(D8111-68418; CA A38815)

734 P2d 378

Elizabeth Welch, Portland, argued the cause for intervenor - appellant. With her on the brief was Welch and Koch, Portland.

Todd C. Ainsworth, Portland, argued the cause and filed the brief for intervention defendant - respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Intervenor Frank filed a petition pursuant to ORS 109.119 to intervene in this proceeding for dissolution of the marriage of Kevin and Susan Hruby. She sought legal custody of the Hruby's child. The child's mother did not seek custody. The court awarded custody to its father. Intervenor appeals, and we affirm.

■ ORS 109.119 authorizes a person who is not the parent of a child to initiate a proceeding or intervene in another proceeding to seek custody of a child. The right of a person to petition or intervene is predicated on that person having established a "child-parent" relationship. Subsection (3) provides:

> "A motion for intervention may be denied or a petition may be dismissed on the motion of any party or on the court's own motion if the petition does not state a prima facie case of emotional ties creating a child-parent relationship or does not allege facts that the intervention is in the best interests of the child."

Subsection (4) states:

> "A petitioner establishes a prima facie case of a child-parent relationship if the petitioner shows that the petitioner has maintained a child-parent relationship with the child with substantial continuity for two or more years."

Intervenor argues:

> "ORS 109.119 must be interpreted to mean that when the standards of this provision [subsections 3 and 4] have been met, as they were here, the parental preference is neutralized. In effect with a finding of a 'child-parent relationship' Intervenor becomes a 'parent.' Thus the final determination becomes which parent, Father or Intervenor, is in the best interests of the child."

In essence, intervenor contends that, once she has established a *prima facie* case pursuant to ORS 109.119(3) and (4), she becomes a parent and that the preference traditionally accorded to a natural parent has been abrogated by the statute.

■ We disagree. The statute merely allows a third party non-parent to initiate or appear in a proceeding to determine custody. ORS 109.119(3) and (4) relate to establishing the

petitioner's right to petition or intervene. Once that has been established, the court must then decide the custody issue in the best interests of the child and may give preference to a natural parent over an intervenor.

■     The trial court heard considerable evidence from the parties, from lay witnesses and from expert witnesses. It concluded that father should have custody and gave considerable weight to the biological fact of parentage. We agree with that decision.

Affirmed.