Argued and submitted June 17, affirmed December 9, 1987

In the Matter of Brenda Shuree
Lauffenberger, a Child.

STATE ex rel JUVENILE DEPARTMENT OF
LANE COUNTY et al,
*Respondents,*

*v.*

LAUFFENBERGER,
*Appellant.*

(84-024; CA A42206)

746 P2d 259

Charles S. Spinner, Eugene, argued the cause and filed the brief for appellant.

S. Susannah Miller, Springfield, argued the cause and filed the brief for respondents Merton Menge and Mary Menge.

No appearance for respondent Children's Service Division.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

■    Appellant is the father of a minor daughter who had been made a ward of the juvenile court and placed in the legal custody of the Children's Services Division (CSD) by a 1985 order.[1] He appeals a subsequent order in a juvenile court dispositional hearing, held pursuant to ORS 419.576, vacating his daughter's commitment to the custody of CSD and awarding custody to her grandparents.[2] Under the court's order, the child remains within the jurisdiction of the juvenile court and the custody award is subject to the supervision of CSD and to father's right of visitation. Father contends that the trial court erred in finding the child's best interests to be custody by her grandparents and in failing to apply the preference for parental custody. We affirm.

The child was born March 6, 1980, and lived with her parents for two years, staying with her maternal grandparents for extended periods of time. After her parents' separation, she began living with the grandparents on a permanent basis. Father entered military service on March 2, 1983. He visited the child once before entering military service and once when he was home on leave. He did not contact her for a two-year period during military service. On April 20, 1984, the juvenile court granted temporary custody to the grandparents, with supervision by CSD. Later, after CSD was awarded legal custody of the child, she remained in her grandparents' home. After CSD secured a military allotment for her, father provided support for the child. He was discharged from the military in the spring of 1986. The circuit court dismissed a petition seeking to terminate his parental rights on April 23, 1986, and instructed CSD to implement a plan to integrate the child into father's home. The home was approved by CSD, and father attended parental training classes. Father and his new wife live and work in Hermiston and have an infant, and the wife has a daughter who is close to the child's age. Between

---

[1] The child was originally found to be within the jurisdiction of the court pursuant to ORS 419.476(1)(e), because her mother had failed to provide for her emotional and physical needs.

[2] Grandparents intervened under ORS 109.119, which grants standing to persons who have established emotional ties creating a child-parent relationship. Although the statute gives standing to a third party to participate in a custody case, intervention does not give the third party the status of a natural parent. *Hruby and Hruby,* 84 Or App 448, 734 P2d 378, *rev allowed* 303 Or 534, 738 P2d 977 (1987).

January and August, 1986, father contributed a total of $100 to the child's support. No evidence was presented nor representations made that she is experiencing any problems in her current home. CSD recommended to the court that the best interests of the child would be served by leaving her in the grandparents' home. The grandparents are 45 and 39 years of age.

■ The trial court found father, his wife and their home to be fit for custody but also found it to be in the child's best interests to remain with her grandparents. The court stated that it could "just as easily * * * have said that the child would go to [the appellant] and that is the best interest[s] for this child." The court explained that its decision to leave her in her grandparents' custody was based on the need for stability and continuity. We find that the circumstances indicate that it is in the child's best interests to remain with her grandparents, with periodic visitation in her father's home.

Father argues that the trial court erred in failing to award him custody when he was found to be a fit parent and in failing to apply the statutory preference for the natural parent. A natural parent is entitled to a preference in custody determinations. ORS 419.474(2);[3] *see State ex rel Juv. Dept. v. G.W.,* 27 Or App 547, 556 P2d 993 (1976); *Yeamans v. Yeamans,* 17 Or App 556, 523 P2d 565 (1974). However, the preference is not absolute. The best interests of the child are still the controlling factors in determining custody. ORS 419.474(2).

We have recognized unique circumstances when there were compelling reasons to deny custody to a fit parent. *See State ex rel Juv. Dept. v. G.W., supra.* In *Langenberg v. Steen,* 213 Or 150, 322 P2d 1087 (1958), the mother sought custody of her 15-year old daughter, who had been in the custody of a third person since she was two months old. The court concluded that the best interests of the child were served by her remaining in the custody of the third person, because that person's home was the only home the child had ever known. In *Reflow v. Reflow,* 24 Or App 365, 545 P2d 894

---

[3] Although ORS 419.474(2) does not expressly provide that a natural parent has a preference but rather that it is preferred that a child be in her "own home," we have interpreted the statute as giving a preference to the natural parent. *State ex rel Juv. Dept. v. G.W., supra.*

(1976), we concluded that a change in custody in favor of the natural parent would result in a setback for the emotionally disturbed children whose problems and developments were improving in the custody of the third party. We reiterated the principle that "continuity in one unchanging family environment, especially for young children, is probably the most important single element necessary to a child's wholesome development." 24 Or App at 373.

Here, the child, now age seven, has lived with her grandparents for nearly her entire life. Like the third party in *Langenberg v. Steen, supra,* her grandparents have provided her with the only stable and continuous home that she has known. We have no reason to believe, given the maturity and commitment demonstrated by her grandparents, that this stable home life will not continue. On the other hand, although the trial court found father to be a fit parent, he has had very limited contact with his daughter and, before this proceeding, had not demonstrated a commitment to providing her a stable home. We find that it is in the best interests of the child to remain with her grandparents and affirm the trial court's ruling.

Affirmed.