Argued August 28, affirmed as modified, remanded for resentencing
December 11, 1978

# STATE OF OREGON, *Respondent,*
## *v.*
# HARRIET DIANE MOYER, *Appellant.*
## (No. C77-07-09249, CA 9644)

587 P2d 1054

Bruce David Thomas, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Stephanie A. Smythe, Deputy Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from her conviction of first degree assault, assigning as error the trial court's denial of a motion for judgment of acquittal[1] contending the evidence failed to prove that she had caused "serious physical injury," ORS 161.015(7), to the victim. The case was tried without a jury.

The record reveals that the defendant stabbed the victim once in the chest after he had grabbed her wrist in an attempt to apprehend her at the request of a citizen whose house had been burglarized by the defendant. The victim was taken to a hospital for treatment and exploratory surgery was performed in order to determine whether damage had been done to his heart. It had not and the wound was determined to be superficial. The penetrating wound, which was located just to the left of the sternum, left a scar one to one and a quarter inches long and one-eighth of an inch wide. A second scar from the surgery begins four inches below the neck and extends downward for six to seven inches; it is approximately one quarter of an inch wide. Both scars were red and raised at the time of the trial which was held two months after the stabbing.

Defendant was indicted and tried under former ORS 163.185. The sole question before us is whether the two scars amount to a "serious physical injury" as required by that statute.

Former ORS 163.185 provided:

"(1) A person commits the crime of assault in the first degree if he intentionally, knowingly or recklessly causes *serious physical injury* to another under circumstances manifesting extreme indifference to the value of human life.

"(2) Assault in the first degree is a Class A felony." (Emphasis supplied.)

---

[1]Defendant was also charged by the indictment with attempted murder. A motion for judgment of acquittal on this count was allowed.

Serious physical injury is defined by ORS 161.015(7) as follows:

> "(7) 'Serious physical injury' means physical injury which creates a *substantial risk of death or which causes serious and protracted disfigurement,* protracted impairment of health or protracted loss or impairment of the function of any bodily organ. (Emphasis supplied.)

■ The prosecution contended that the injury had created a substantial risk of death and caused serious and protracted disfigurement. The trial court rejected the first of these contentions because medical testimony at the trial made clear that the surgery had shown that no vital organs were touched by the knife and the victim was, therefore, never in risk of death from the penetrating wound. It is our observation that generally the type of wound sustained here which necessitates surgery in order to determine whether a vital organ has been injured should be viewed as involving a substantial risk of death. However, since the trial court has made a specific finding of fact we are not free to overturn the trial court's ruling. *State v. Templeton,* 23 Or App 39, 541 P2d 163 (1975), *rev den* (1976); *State v. Hockings,* 29 Or App 139, 143, 562 P2d 587, *rev den* (1977), *cert den* 434 US 1049, 54 L Ed 802 (1978).

■ The trial judge found that the injury had caused "serious and protracted disfigurement," and, therefore, met the definition of "serious physical injury." We disagree.

Medical testimony at the trial indicated that how noticeable the scars would remain over time would depend upon the victim's individual scarring reaction and could not be predicted.

In *State v. Dazhan, Sears,* 15 Or App 300, 516 P2d 92 (1973), we held that a permanent scar under the victim's right eye did not constitute a "serious and protracted disfigurement" within the meaning of ORS 161.015(7). In light of our holding in that case, we find that the two scars, located as they are in an area

[ 480 ]

normally covered by clothing, do not constitute the sort of injury contemplated in ORS 161.015(7).

■■ Where less than a "serious physical injury" is caused and a deadly or dangerous weapon[2] is involved, the crime of assault in the second degree is committed.[3] The evidence clearly supports a conviction for this lesser included crime. The judgment is modified to reflect conviction of the lesser crime and the sentence is vacated. *State v. Nulph,* 31 Or App 1155, 572 P2d 642 (1977), *rev den* 282 Or 189 (1978); *State v. Swaggerty,* 15 Or App 343, 515 P2d 952 (1973).

Affirmed as modified and remanded for resentencing.

---

[2] ORS 161.015(1) provides:

"(1) 'Dangerous weapon' means any instrument, article or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."

[3] Former ORS 163.175, in effect at the time of defendant's conviction provided:

"(1) A person commits the crime of assault in the second degree if he:

"* * * * *

"(b) *Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or*

"(2) Assault in the second degree is a Class B felony." (Emphasis supplied.)