Argued and submitted February 26, 1988, reversed and remanded for a new trial
February 8, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## MARVIN BYERS,
*Appellant.*

(CM 87-0034; CA A44495)

768 P2d 414

Chris W. Dunfield, Corvallis, argued the cause for appellant. With him on the brief was Petersen, Barker & Dunfield, Corvallis.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for assault in the second degree. ORS 163.175. He contends that the verdict of the jury entitled him either to a judgment of acquittal, a judgment of guilt of assault in the fourth degree or a new trial on a charge of assault in the third degree. He also claims that the court erred by denying his motion for judgment of acquittal and overruling his demurrer. We reverse and remand for a new trial on assault in the second degree.

The assault arose out of a dispute between defendant and the victim in the laundry room of the mobile home park where they both lived. They got into an argument over the use of a clothes dryer. Defendant drew a gun and shot the victim in the mouth. The medical evidence showed three areas of injury: total loss of two teeth and associated jaw bone on the right side, fragments of bone and metal imbedded in the victim's palate, and a long, jagged laceration in the midline of the victim's tongue, which also was imbedded with tooth and metal particles. The treating doctor anticipated reconstructive surgery, including a bone graft and a dental prosthesis.

Defendant was charged, in a two count indictment, with attempted murder, ORS 163.115, and assault in the first degree. ORS 163.185. He demurred to the assault charge on the ground that the definition of "serious physical injury" in ORS 161.015(7) is unconstitutionally vague. The court overruled the demurrer. At the close of the state's case, defendant moved for a verdict of acquittal of assault in the first degree on the ground that there was insufficient evidence that the victim suffered serious physical injury. That motion was denied. In addition to the two charges in the indictment, the court submitted the lesser included offenses of assault in the second degree under ORS 163.175(1)(b) and ORS 163.175(1)(c) and assault in the fourth degree. ORS 163.160(1)(a).[1]

Because the court instructed on two theories of assault in the second degree, the verdict form contained two

---

[1] The court did not instruct the jury on assault in the third degree, ORS 163.165, for reasons not apparent from the record.

separate designations for that degree of assault that were differentiated by a summary description of the elements. The designations were:

"_____ Guilty of the lesser-included crime of ASSAULT IN THE SECOND DEGREE (intentionally/knowingly/physical injury/deadly weapon.)

"_____ Guilty of the lesser-included crime of ASSAULT IN THE SECOND DEGREE (recklessly with extreme indifference/physical injury/deadly weapon)."

The jury placed an "X" in the second blank.

The verdict indicates that the jury found defendant guilty of the kind of assault defined in ORS 163.175(1)(c):

"Recklessly caus[ing] *serious* physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life." (Emphasis supplied.)

Because of an error in the verdict form submitted by the state, the type of injury was described as "physical injury" rather than "serious physical injury" as required by ORS 163.175(1)(c).

Defendant's first three assignments of error relate to the error in the verdict form. He first argues that the jury's finding that he committed second degree assault by causing only "physical injury" is an acquittal, because there is no such crime. *See State v. Stephanus,* 53 Or 135, 99 P 428 (1909). Second, he argues that, in the alternative, a judgment of guilty of assault in the fourth degree is appropriate, because that is the only offense involving the elements implicitly found by the jury. His final alternative argument is that the verdict is ambiguous and he is entitled to a new trial limited to the charge of assault in the third degree. The state contends that the verdict is ambiguous and agrees that defendant is entitled to a new trial but on the charge of assault in the second degree under ORS 163.175(1)(c).

We agree with the state that the verdict is ambiguous on its face. The jury could have ignored the summary of elements listed on the verdict form and intended to find defendant guilty of assault in the second degree. The special nature of the verdict form and the mistaken designation of one element could also mean, however, that the jury found that

defendant did not cause serious physical injury. With that patent ambiguity, defendant is not entitled to a judgment of acquittal or even a judgment of guilt only of assault in the fourth degree. He is entitled to a new trial. The putative finding of guilty of the lesser included offense of assault in the second degree is an acquittal of assault in the first degree. ORS 131.515(3). Consequently, defendant cannot be tried again for the latter offense. However, the ambiguous verdict does not operate as an acquittal of assault in the second degree or as a finding that defendant caused only physical injury. He can be tried on remand for second degree assault or any lesser included offense.

■ In the fourth assignment, defendant contends that the court erred by denying his motion for judgment of acquittal. He argues that there was not sufficient evidence from which the jury could find that the victim suffered serious physical injury. Serious physical injury is

> "physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(7).

Whether the victim has suffered serious physical injury is a question of fact. There was medical evidence from which the jury could conclude beyond a reasonable doubt that the victim's mouth and teeth are bodily organs and that there was a protracted loss or impairment of those organs. The motion for judgment of acquittal was properly denied.

The final assignment is that the court erred in overruling the demurrer. Defendant argued at trial and on appeal that the statutory definition of "serious physical injury" in ORS 161.015(7) is unconstitutionally vague. The Supreme Court rejected that argument in *State v. Moyle,* 299 Or 691, 705 P2d 740 (1985). We decline defendant's invitation to distinguish that authority.

Reversed and remanded for a new trial.