Submitted on record and briefs February 14, affirmed May 20, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# CYNTHIA LEE RAMIREZ,
*Appellant.*

(90C-21387; CA A69050)

831 P2d 719

Paul M. Ferder and Ferder, Ogdahl, Brandt, & Casebeer, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals her conviction, after trial to the court, of attempted assault in the first degree. ORS 163.185; ORS 161.405.[1] We affirm.

On August 6, 1990, U.S. Drug Enforcement Agency (DEA) and Marion County Sheriff deputies executed a warrant to search two mobile homes off Butteville Road in rural Marion County. One belonged to defendant. After the officers had finished searching it, defendant drove up slowly in a full-size pickup truck. DEA Agent Coombs recognized her, announced his identity and motioned for her to pull forward into a driveway and stop. She put the truck in reverse and backed it rapidly toward Butteville Road. Coombs and DEA Agent Walsh chased it. When the truck reached the road, Walsh shouted his identity and stepped in front of the truck which was roughly twelve feet away. He testified that the truck "hesitated," and he moved toward it. He motioned for defendant to stop and drew his gun. She suddenly accelerated the truck forward. Walsh shot at her three times as he leaped to the side of the road. He fired a fourth shot from the ground. Defendant drove off but was later arrested.

Defendant combines three assignments of error that she asserts present questions of law. Two, however, attack the court's findings. We review them in the light most favorable to the state to determine whether any rational trier of fact could have found beyond a reasonable doubt the elements of attempted assault in the first degree. *See State v. Rose*, 311 Or 274, 281, 810 P2d 839 (1991).

■　　Defendant asserts that there was insufficient evidence to find that she acted intentionally. She is wrong. She also asserts that there was insufficient evidence to find that she attempted to cause serious physical injury to Walsh. ORS

---

[1] ORS 163.185 provides:

"(1) A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

ORS 161.405 provides:

"(1) A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

161.015(7).[2] She asserts that the court could only "speculate" whether serious physical injury would have resulted if her truck had hit him and cites decisions from this court reversing assault convictions on the basis that no physical or serious physical injury had occurred. *See State v. Capwell*, 52 Or App 43, 47, 627 P2d 905 (1981); *State v. Rice*, 48 Or App 115, 118, 616 P2d 538, *rev den* 289 Or 741 (1980); *State v. Moyer*, 37 Or App 477, 480, 587 P2d 1054 (1978); *but compare State v. Byers*, 95 Or App 139, 143, 768 P2d 414 (1989).

The cases that defendant cites are inapposite, because they involved actual injuries and completed crimes. In those cases we were able to determine whether a factfinder could have found that a specific injury met the requirements of the statute. *See, e.g., State v. Byers, supra*, 95 Or App at 143. Here, no one was injured. The state sought to prove that defendant *attempted* to cause serious physical injury to Walsh. The issue is whether there was sufficient evidence for the factfinder to infer that defendant intended to inflict serious physical injury. The court could find from the evidence that defendant intended to cause serious physical injury by hitting the agent with the truck.

■ Defendant also argues that the court impermissibly relied on a conclusive presumption. She cites its statement that "I guess the law would say [that] she intends the natural consequences of her act." The court's statement was permissible in the context of explaining the reasons why it inferred from her conduct that she intended to cause serious physical injury. *See State v. Hines*, 84 Or App 681, 684, 735 P2d 618, *rev den* 303 Or 590 (1987).

Affirmed.

---

[2] ORS 161.015(7) provides:

" 'Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."