Submitted September 29, 2008, affirmed February 18, petition for review denied April 22, 2009 (346 Or 184)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES ANTHONY MILLER,
*Defendant-Appellant.*

Multnomah County Circuit Court
060633848; A134139

202 P3d 921

Peter Gartlan, Chief Defender, Legal Services Division, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

WOLLHEIM, P. J.

**WOLLHEIM, P. J.**

After a jury trial in 2006, defendant was convicted of nine sex offenses committed in 1995, when defendant was 17 years old and the victim was seven or eight years old. After the jury rendered its verdict, the trial court dismissed the jury and sentenced defendant to concurrent and consecutive sentences totaling 175 months in prison based on its own findings. Defendant appeals, raising two assignments of error: (1) that there was insufficient evidence for a jury to find beyond a reasonable doubt that defendant's crimes were committed on or after the effective date for Measure 11 sentencing for the relevant offenses, *viz.*, April 1, 1995; and (2) that the trial court erred by imposing consecutive sentences based on facts not found by a jury beyond a reasonable doubt or admitted by him. We affirm.

The relevant facts are not in dispute. Defendant was indicted on six counts of sodomy in the first degree, ORS 163.405, and three counts of sexual abuse in the first degree, ORS 163.427. The indictment alleged that each count occurred "on or between May 01, 1995 and July 31, 1995." The verdict form for each count included a special instruction that stated that, for each count that the jury found defendant guilty, the jury had to answer the following question: "Did the crime occur on or after April 01, 1995?" The jury found defendant guilty on all counts and affirmatively answered the special question confirming that at least 10 of the 12 jurors who found defendant guilty on each count also believed beyond a reasonable doubt that defendant had committed the crimes on or after April 1, 1995.

At defendant's sentencing hearing, the trial court stated that it had considered the number of offenses that had occurred; the harm that defendant had perpetrated on the victim, the victim's family, and defendant's family; and the fact that defendant "appear[ed] to be low risk to re-offend[,]" because there was no indication that defendant had been involved in criminal conduct either before or after the instant crimes. On Counts 1 through 6, sodomy in the first degree, the court sentenced defendant to 100 months in prison on each count, to be served concurrently. On Counts 7 through 9,

sexual abuse in the first degree, the court sentenced defendant to 75 months in prison on each count, to be served concurrently with each other but consecutively to the 100-month concurrent sentences on Counts 1 through 6.

■  In defendant's first assignment of error, he asserts that "[t]he trial court erred by denying defendant's motion challenging the sufficiency of the evidence regarding the date of the alleged incidents." Defendant argues that, while the dates of a crime are not typically a material element, the dates are relevant here because they implicate the sentencing scheme that applies to defendant. That is, defendant's convictions would be Measure 11 crimes and necessarily involve mandatory minimum sentences only *if* defendant committed those crimes on or after April 1, 1995. *See* ORS 137.700 (setting out Measure 11 sentencing scheme). Defendant points to the victim's testimony that the incidents all occurred in "spring 1995," that the parties at trial stipulated to the fact that the first day of spring 1995 was March 21, 1995, and that "there was no testimony as to the exact dates, or the timeframe" that would "help a trier of fact determine when the events actually occurred." Based on the foregoing facts, defendant argues that there was insufficient evidence for a rational factfinder to find beyond a reasonable doubt that all of the offenses were committed on or after April 1, 1995.

■  We view the evidence in the light most favorable to the state to determine whether a rational factfinder, making reasonable inferences, *could* have found the essential elements of the crime proved beyond a reasonable doubt. *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998). As a reviewing court, we must decide not whether we believe the defendant is guilty beyond a reasonable doubt, but whether there was sufficient evidence to support a jury's finding of guilt. *Id.* When analyzing the sufficiency of the evidence, we make no distinction between direct and circumstantial evidence as to the degree of proof required. *Id.*

Given the evidence in the record, defendant's argument is not well taken. At trial, the victim testified that the offenses occurred while the victim was playing Little League baseball. The state presented evidence that the victim's

team's first game was played on April 22, 1995. In light of our standard of review, we cannot say that a rational factfinder, making reasonable inferences, could not have found that defendant committed the charged offenses on or after April 1, 1995. In light of the evidence at trial, it was not error for the trial court to deny defendant's motion challenging the sufficiency of the evidence regarding the dates of the offenses.

■        Defendant's second assignment of error is unpreserved below. Defendant, however, argues that we nevertheless should review the error because it was error apparent on the face of the record for the trial court to impose consecutive sentences based on its own factfinding and not that of a jury. Defendant's argument is foreclosed by *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009), in which the United States Supreme Court rejected that same contention.

Affirmed.