TOOKEY, J.
*209 In this consolidated appeal, defendant appeals a judgment of conviction for second-degree assault, ORS 163.175, and menacing, ORS 163.190. Defendant was sentenced to 70 months' incarceration for second-degree assault pursuant to ORS 137.700. On appeal, defendant assigns error to the trial court's determination that the victim of the assault suffered a "significant physical injury" under ORS 137.712(2)(b)(B), making him ineligible for a lesser sentence under ORS 137.712(1). As explained below, we conclude that the evidence in the record-which includes evidence of a scar on the victim's scalp that was visible to the trier of fact over six months after the assault-is legally sufficient to support the trial court's determination that the *675 victim suffered a significant physical injury under ORS 137.712 (2)(b)(B) as a result of the assault. Accordingly, we affirm.[1]
" 'We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law.' " State v. Brewer , 260 Or. App. 607, 618, 320 P.3d 620, rev. den. , 355 Or. 380, 328 P.3d 696 (2014) (quoting State v. Capri , 248 Or. App. 391, 394, 273 P.3d 290 (2012) ). "We state the facts in the light most favorable to the state." State v. Longenecker , 175 Or. App. 33, 35, 27 P.3d 509, rev. den. , 332 Or. 656, 36 P.3d 973 (2001).
On or about July 20, 2015, defendant, after pointing a gun at the victim's head, pistol-whipped the victim, hitting him in the head three times. An ambulance then transported the victim to the hospital for medical treatment. The victim's medical records reflect that he had a "2 inch full-thickness laceration on the left side of his head." The laceration was closed using five staples, which were removed eight days later. The victim's neighbor testified that, the day after the assault, the victim's head looked "really swollen, and misshapen."
Defendant was indicted for two counts of first-degree assault, one count of unlawful use of a weapon with a firearm, and one count of unlawful use of a weapon. Defendant *210 waived his right to a jury trial and his case was tried to the court.
During the course of defendant's trial, on February 16, 2016-over six months after defendant committed the assault-the victim testified that, as a result of the staples, he has a scar on his head, which is visible when he cuts his hair.[2] At the request of the state, he showed the scar to the court during the course of the trial.[3]
The trial court found defendant guilty of two counts of second-degree assault and one count of unlawful use of a weapon, which it merged into a single count of second-degree assault. It also found defendant guilty of menacing.
A conviction of second-degree assault requires a minimum sentence of 70 months' imprisonment pursuant to ORS 137.700(2)(a)(G), unless a defendant is eligible for a downward departure sentence under ORS 137.712(1). At his sentencing hearing, defendant argued that he was eligible for a downward departure sentence under ORS 137.712, which provides, in pertinent part:
"(1)(a) Notwithstanding ORS 137.700 ***, when a person is convicted of *** assault in the second degree as defined in ORS 163.175(1)(b), *** the court may impose a sentence according to the rules of the Oregon Criminal Justice Commission that is less than the minimum sentence that otherwise may be required by ORS 137.700 *** if the court, on the record at sentencing, makes the findings set forth in subsection (2) of this section and finds that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence. ***
"* * * * *
*211 "(2) A conviction is subject to subsection (1) of this section only if the sentencing court finds on the record by a preponderance of the evidence:
"* * * * *
"(b) If the conviction is for assault in the second degree:
"(A) That the victim was not physically injured by means of a deadly weapon;
"(B) That the victim did not suffer a significant physical injury; and *676 "(C) That the defendant does not have a previous conviction for a crime listed in subsection (4) of this section."
The state conceded during defendant's sentencing hearing that the victim was not physically injured by means of a deadly weapon, ORS 137.712(2)(b)(A), and that defendant's prior convictions did not disqualify him from a downward departure sentence, ORS 137.712(2)(b)(C). Thus, the only issue at the sentencing hearing with respect to defendant's eligibility for a downward departure sentence under ORS 137.712(1) -apart from whether a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justified a downward departure-was whether defendant was ineligible for a downward departure because the victim suffered a "significant physical injury," ORS 137.712(2)(b)(B). That term is defined in ORS 137.712(6)(c) as an injury that:
"(A) Creates a risk of death that is not a remote risk;
"(B) Causes a serious and temporary disfigurement;
"(C) Causes a protracted disfigurement; or
"(D) Causes a prolonged impairment of health or the function of any bodily organ."
After hearing argument, the trial court found that defendant was ineligible for a departure sentence under ORS 137.712 because the victim suffered a significant physical injury:
"[I]t was more than physical injury to me. I think that it was a substantial injury, and that it's going to last him for a long time. But I see serious physical injury as more of a *212 permanent kind of injury, and I think that this is something that [the victim] is going to get over, but it's more than just physical injury. So I would find under the law, that it is a significant injury."
The trial court did not explain on which of ORS 137.712 (6)(c)(A), (B), (C), or (D) it premised its decision.
As noted above, defendant assigns error to the trial court's determination that he was ineligible for a departure sentence under ORS 137.712 because the victim suffered a "significant physical injury." More specifically, on appeal, defendant argues, among other points, that "the evidence does not support a finding that the injury" caused a "protracted disfigurement" because "there is no evidence as to how visible the [victim's] scar was other than that the victim could see it when he cut his hair short" and "the record does not establish that the [victim's] scar will be permanent or continue to persist for a significant period of time."[4] The state contends that "the record supports the conclusion that the victim suffered *** a protracted disfigurement" because "when the victim wore his hair short (as he usually did), he could see the scar when looking in the mirror" and "the prosecutor observed that even with the victim's hair longer than usual, the scar was still visible."
We have not yet interpreted the phrase "protracted disfigurement" as used in ORS 137.712(6)(c)(C). We have, however, held that a scar on the scalp, visible five months after an assault, is a "serious and protracted disfigurement" under ORS 161.015(8). State v. Alvarez , 240 Or. App. 167, 170-71, 246 P.3d 26 (2010), rev. den. , 350 Or. 408, 256 P.3d 121 (2011). In Alvarez , we affirmed the trial court's denial of a motion for judgment of acquittal on a first-degree assault charge where the assault had caused a wound to the victim that "had to be closed with four surgical staples, and left a scar [on the *213 victim's scalp] that was visible to the jury five months after the attack." Id. at 169, 246 P.3d 26. The defendant in Alvarez argued, among other points, that the injuries to the victim were "not serious enough to amount to 'serious physical injury' under ORS 163.185(1)(a)," *677 which is defined in ORS 161.015(8) to include a "physical injury which *** causes serious and protracted disfigurement." Id. at 169-70, 246 P.3d 26 ; ORS 161.015(8). We rejected the defendant's argument, holding that "a scar on the scalp, visible five months after the injury, qualifies as a 'protracted disfigurement,' ORS 161.015(8), and therefore as a 'serious physical injury,' ORS 163.185(1)(a)." Alvarez , 240 Or. App. at 171, 246 P.3d 26. We also declined to hold that a scar was not a disfigurement merely because the victim of an assault could conceal the scar by wearing his or her hair in a particular manner. Id.
"[S]erious and protracted disfigurement," as used in ORS 161.015(8), requires more than "protracted disfigurement," as used in ORS 137.712(6)(c)(C). Guided by our holding in Alvarez , we first conclude that the record in this case is legally sufficient to support a determination that the victim suffered a "disfigurement," as that term is used in ORS 137.712(6)(c)(C). Cf. State v. Cloutier , 351 Or. 68, 99, 261 P.3d 1234 (2011) ("[I]n the absence of evidence to the contrary, we ordinarily assume that the legislature uses terms in related statutes consistently."). A scar on the scalp, resulting from a blow to the head that is severe enough to cause one's head to be "really swollen, and misshapen," and that inflicts a "2 inch full-thickness laceration" that has to be closed with five staples, qualifies as a "disfigurement" under ORS 137.712(6)(c)(C). See Alvarez , 240 Or. App. at 170-71, 246 P.3d 26 (holding that a scar left by a "blow to the head that [was] hard enough to cause a 'ding' sound," and which "inflict[ed] a wound so deep [that it] expose[d] the skull, [and] require[d] four staples for closure" was a disfigurement). Our conclusion is bolstered by the dictionary definition of "scar," which includes "disfigure" as a synonymous cross-reference. Webster's Third New Int'l Dictionary 2025 (unabridged ed. 2002). While the victim in this case may be able to conceal the scar by wearing his hair in a particular manner, the scar is still a disfigurement. See Alvarez , 240 Or. App. at 171, 246 P.3d 26 ("It may be true that the victim could conceal the scar by letting his hair *214 grow, but we decline to hold that an injury is not disfiguring merely because, by limiting his or her fashion or style options, the victim can conceal it.").
Furthermore, in accordance with our holding in Alvarez , we conclude that the record in this case is legally sufficient to support a determination that the victim's disfigurement was "protracted," as that term is used in ORS 137.712(6)(c)(C). The victim's scar was visible more than six months after the assault occurred. Cf. Alvarez , 240 Or. App. at 171, 246 P.3d 26 ("[A] scar on the scalp, visible five months after the injury, qualifies as a protracted disfigurement." (Internal quotation marks omitted.) ); see also State v. Campbell , 266 Or. App. 116, 121-22, 337 P.3d 186 (2014) (rejecting "defendant's contention that it is 'obvious' and not reasonably in dispute from the record that serious and protracted disfigurement could not have resulted from defendant's use of a cigarette to burn the victim's cheek" where the "state presented evidence that the burn from the cigarette caused a blister to the victim's face and that a scar was visible at the time of trial, several months after the incident").
Because the record is legally sufficient to support a determination that the victim suffered a "protracted disfigurement," ORS 137.712(6)(c)(C), it is legally sufficient to support a determination that the victim suffered a "significant physical injury," ORS 137.712(2)(b)(B). Thus, the trial court did not err in concluding that defendant was ineligible for a downward departure sentence under ORS 137.712(1).
Defendant is correct that the record on appeal does not reveal "how visible" the scar was during defendant's trial. But it was defendant's burden to prove that the scar was not a "protracted disfigurement," which he failed to do. See Brewer , 260 Or. App. at 620, 320 P.3d 620 (holding defendant has burden of proving eligibility for a downward departure sentence under ORS 137.712 ). In the trial court, "[t]he scar itself was demonstrative evidence that conveyed a 'firsthand sense impression to the trier of fact.' " Lambert v. Palmateer , 187 Or. App. 528, 537, 69 P.3d 725, rev. den. , 336 Or. 125, 79 P.3d 882 (2003) (quoting 2 McCormick on Evidence § 212, 3 (4th ed. 1992) ). "This kind of demonstrative evidence is often 'the best and *678 most direct evidence of a material fact,' in this case, 'the nature of *215 [the] assault[.]' " Id. (quoting 2 McCormick on Evidence § 215 at 21-22 (brackets in Lambert ) ). While a more robust record than that developed in defendant's case would perhaps be desirable to defendant now, we are required to affirm on the record before us.
Affirmed.

Although this is a consolidated appeal, defendant does not assign error to any rulings in Multnomah County Case Number 15CR31262.

The victim also testified that he experienced dizziness and vision problems in one eye after the assault. Because we conclude that the scar on the victim's scalp is legally sufficient to support the trial court's determination that the victim suffered a significant physical injury, we need not consider the victim's other conditions.

Defendant argues that the record merely reflects that "the victim tried to show the judge that he still had a scar on his scalp." That contention is at odds with his defense counsel's acknowledgement during defendant's sentencing hearing that the victim did, in fact, show the trial court the scar.

Defendant also argues that the record contains insufficient evidence that the injury the victim suffered created a risk of death that was not a remote risk, ORS 137.712(6)(c)(A), caused a serious and temporary disfigurement, ORS 137.712(6)(c)(B), and caused a prolonged impairment of health or the function of any bodily organ, ORS 137.712(6)(c)(D). Because we conclude that there is legally sufficient evidence to support a determination that the victim suffered a protracted disfigurement, and, accordingly, suffered a significant physical injury, we need not consider those arguments.