Argued and submitted January 14; Count 1 reversed and remanded, otherwise affirmed June 17, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD GERALD FIELDS,
*Defendant-Appellant.*

Marion County Circuit Court
17CR82839; A167801

468 P3d 1029

Defendant appeals a judgment of conviction for several crimes, challenging only his conviction for second-degree assault, ORS 163.175. He contends that the trial court erred in denying his motion for judgment of acquittal (MJOA) because the state did not present sufficient evidence that the assault caused "serious physical injury," a necessary element of that crime. *Held*: Considering the evidence presented at trial, including the photographs of the injury, in the light most favorable to the state, the Court of Appeals concluded that the trial court erred when it denied defendant's MJOA. Although the court has not defined an injury's seriousness solely by the length of the scar left on the victim's body, based on the evidence presented here, no reasonable factfinder could have concluded that the victim's two-centimeter long scar qualified as "serious" under ORS 161.015(8).

Count 1 reversed and remanded; otherwise affirmed.

Susan M. Tripp, Judge.

Eric Johansen, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Count 1 reversed and remanded; otherwise affirmed.

**MOONEY, J.**

Defendant appeals a judgment of conviction for several crimes, challenging only his conviction for second-degree assault, ORS 163.175. He contends that the trial court erred in denying his motion for judgment of acquittal (MJOA) because the state did not present sufficient evidence that the assault caused "serious physical injury," a necessary element of that crime. We agree and reverse and remand.

In reviewing the denial of an MJOA, we view the evidence in the light most favorable to the state to determine whether a rational factfinder could find that the state had proved every element of the offense beyond a reasonable doubt. *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998); ORS 136.445.

On November 14, 2017, defendant and the victim got into an argument. The argument became physical, and defendant hit the victim in the head. The impact cut the victim's forehead and she began to bleed.

On November 27, 2017, local police contacted the victim for a community caretaking check. The victim told the officer about the details of the November 14 argument. The officer took photos of the injury to the victim's head. The photos show that the victim had a scar on her forehead approximately one to two centimeters (three-eighths to three-quarters of an inch) long.

Defendant was subsequently charged with various crimes, including second-degree assault. At the bench trial, five months later, the victim's scar was still visible. The trial court described the injury as "a little bit more than two centimeters" long in the middle of the victim's forehead and explained that the injury was "adequately depicted" in the photographs taken in November.[1] After the state presented its case, defendant moved for judgment of acquittal. The court denied the motion and subsequently found defendant

---

[1] The "trial court's description of what it observed, while not evidence, is explanatory regarding the import of that demonstrative evidence to the factfinder." *Lambert v. Palmateer*, 187 Or App 528, 537, 69 P3d 725, *rev den*, 336 Or 125 (2003) (explaining that the "scar itself was demonstrative evidence that conveyed a 'firsthand sense impression to the trier of fact'").

guilty on that charge. Defendant appeals the denial of the MJOA.

A person commits second-degree assault, a Class B felony, if that person

"(a)  Intentionally or knowingly causes serious physical injury to another;

"(b)  Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c)  Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

ORS 163.175(1). Here, defendant was convicted under ORS 163.175(1)(a) for intentionally or knowingly causing serious physical injury to another. As alleged by the state in this case, "serious physical injury" means "physical injury *** which causes serious and protracted disfigurement." ORS 161.015(8).

Defendant contends that the evidence that the state presented about the victim's injury does not meet the requirements of ORS 161.015(8). Because defendant concedes that the injury qualifies as a "disfigurement" and that the disfigurement was "protracted," the sole issue on appeal is whether the trial court erred in concluding that the protracted disfigurement was "serious."

The state argues that "whether a disfigurement is 'serious' depends on its prominence—whether it stands out or is noticeable—in light of its location, size, and shape." Defendant agrees that whether the disfigurement is serious depends, in part, on whether it is "prominent," but he contends that prominence must mean more than that the injury is noticeable or visible. We agree that "prominence" is a factor to consider in determining the seriousness of the disfigurement under ORS 161.015(8), but we conclude that it must be considered along with the totality of the circumstances presented in each case.

We have described the appearance and visibility of scars left by injuries in cases in which we reviewed the

propriety of convictions for first- and second-degree assault. We have also described the appearance and visibility of scars left by injuries in cases in which we reviewed the propriety of imposing a mandatory minimum sentence for defendants convicted of second-degree assault. We have discussed ORS 161.015(8) in both types of cases (whether a scar amounts to "disfigurement"; if so, whether that disfigurement is "protracted"; and, if so, whether the protracted disfigurement is "serious"), although we note that, in the sentencing cases, the ultimate question under ORS 137.172(2)(b)(B) is whether the victim suffered "significant physical injury."

In *State v. Dazhan, Sears*, 15 Or App 300, 305, 516 P2d 92 (1973), we held that a "permanent scar under the right eye" could not be characterized as "serious and protracted disfigurement." Acknowledging that the victim had been subjected to "a severe beating," we noted that there was no lasting impairment or loss of sight, and we remanded the case for entry of a judgment for third-degree assault. In *State v. Moyer*, 37 Or App 477, 480-81, 587 P2d 1054 (1978), we held that the scar from the stabbing (one and one-quarter inches long and one-eighth inch wide) and the one from the post-stabbing surgery (six to seven inches long and one-quarter inch wide), both of which were raised and red two months after the assault, were not "the sort of injury contemplated [by] ORS 161.015[(8)]." We emphasized that the scars were located "in an area normally covered by clothing." *Id.*

In *Lambert v. Palmateer*, 187 Or App 528, 538, 69 P3d 725, *rev den*, 336 Or 125 (2003), a post-conviction relief case, we distinguished *Dazhan* and *Moyer*, holding that evidence of "a two-inch-long, half-inch wide divot in [the victim's] left forehead in the temporal region, which [is visible] easily at 40 feet" was sufficient to support the finding of "serious and protracted disfigurement." Specifically, we concluded that "[a] *divot* in a victim's forehead is a significantly different disfigurement from the nature of the scars at issue in *Dazhan* and *Moyer*." *Id.* at 538 (emphasis in original). In *State v. Nguyen*, 222 Or App 55, 67, 191 P3d 767 (2008), we likewise held that a rational trier of fact could conclude that "prominent" scarring above the victim's right

ear approximately three inches long and half an inch wide "where the hair does not grow back" constitutes serious and protracted disfigurement. And, in *State v. Alvarez*, 246 Or App 167, 240 P3d 26 (2010), *rev den*, 350 Or 408 (2011), we held that scars left on the scalp from an assault with a baseball bat that continued to be visible five months later qualified as protracted disfigurement. In response to an argument that the victim could conceal the scars, we stated that the ability to hide a scar "by limiting [one's] fashion or style options" does not mean the injury is not disfiguring. *Id.* at 171. And, of course, it makes the injury no less serious.

We have had occasion more recently to review residual scarring as it relates to the seriousness of harm suffered by crime victims in the context of defendants seeking relief from mandatory minimum sentences. Those cases are different because they involve sentencing, and because the question is whether the victim suffered "significant physical injury" that can be either "serious and temporary disfigurement" or "protracted disfigurement." ORS 137.712(6)(c). They are, nevertheless, helpful to this discussion. And, so, in *State v. Kinsey*, 293 Or App 208, 214, 426 P3d 674 (2018), we held that, because the victim's scar was visible six months after the pistol-whipping assault, it qualified as "protracted disfigurement" and the defendant was not entitled to a downward departure sentence. And, in *State v. Drew*, 302 Or App 232, 248-49, 460 P3d 1032 (2020), we likewise held that the victim suffered "significant physical injury" and the defendant was therefore not eligible for a lesser sentence. The scar in *Drew* was four to six inches long, running from the front of the forehead onto the scalp. It took five staples to close and was described as large and highly visible.

Our cases tend to focus on descriptions of the residual scars, which, in turn, leads to discussion of visibility and duration. And, there can be no doubt that the scars left by a physical assault bear on the seriousness of the injury. We reiterate, however, that the ability to conceal a scar does not mean it is not there. And it does not mean that the injury was not serious. A complete inquiry requires an assessment of all the factors present in a case, including the scar itself.

Under our prior case law, considering the evidence presented at trial, including the photographs of the injury, in the light most favorable to the state, we conclude that the court erred when it denied defendant's MJOA. Although we have not defined an injury's seriousness solely by the length of the scar left on the victim's body, based on the evidence presented here, no reasonable factfinder could conclude that the victim's two-centimeter long scar qualifies as "serious" under ORS 161.015(8). The trial court erred in denying defendant's MJOA.

Count 1 reversed and remanded; otherwise affirmed.