Submitted June 18, affirmed November 4, 2020, petition for review denied January 21, 2021 (367 Or 496)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL CHARLES McNALL,
*Defendant-Appellant.*

Jackson County Circuit Court
17CR05683; A170417

476 P3d 1259

Defendant was convicted of arson in the first degree, ORS 164.325, and attempted aggravated theft in the first degree, ORS 161.405 and ORS 164.057, after his home was destroyed in an explosion shortly after he left the property. He appeals, arguing that there was insufficient evidence for a rational jury to conclude that he had caused the explosion intentionally. *Held*: The evidence was sufficient for the jury to conclude that defendant committed both offenses. Although defendant argues that there were flaws with the state's motive evidence, proof of motive is not required for conviction and there was other evidence in the record from which the jury could have inferred that defendant acted intentionally. Similarly, although defendant argues that another party may have been responsible for the explosion, the jury was not compelled to accept his version of events.

Affirmed.

David J. Orr, Judge.

Douglas H. Johnson and Ryan T. O'Connor filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

On April 9, 2016, defendant's home was destroyed in an explosion shortly after defendant left the property. Believing that defendant caused the explosion intentionally in order to recover insurance money, the state charged defendant with arson in the first degree, ORS 164.325, and attempted aggravated theft in the first degree, ORS 161.405 and ORS 164.057. At trial, defendant moved for a judgment of acquittal, arguing that the state had failed to provide sufficient evidence that he intentionally caused the explosion. The trial court denied the motion and defendant was convicted of both offenses. On appeal, he assigns error to the denial of his motion, renewing his argument that no reasonable juror could have concluded that he had intentionally caused the explosion. We conclude that the evidence was sufficient for the jury to determine that defendant committed both offenses. Accordingly, we affirm.

A court is required to grant a motion for judgment of acquittal when, viewing the evidence in the light most favorable to the state, no rational factfinder could find that the state has proven every element of the offense beyond a reasonable doubt. ORS 136.445; *State v. Fields*, 304 Or App 763, 764, 468 P3d 1029 (2020). Making this assessment requires us to identify two categories of evidence: facts that were disputed at trial and facts that were undisputed. *State v. Simmons*, 279 Or App 756, 759, 379 P3d 580, *rev den*, 360 Or 697 (2016). We resolve disputed facts in the state's favor. *Id.* We then determine whether, considering both categories of facts and all reasonable inferences drawn therefrom, any rational juror could find that they prove the essential elements of the crime beyond a reasonable doubt. *Id.* at 759-60.

To convict defendant of arson in the first degree under ORS 164.325(1)(a)(A), the state must prove (1) that defendant started a fire or caused an explosion, (2) that defendant acted intentionally, and (3) that defendant's actions damaged the property of another. Likewise, to convict defendant of attempted aggravated theft in the first degree, ORS 161.405, ORS 164.057, and ORS 164.085 generally require the state to prove that defendant (1) intentionally, (2) took a

substantial step toward obtaining $10,000 or more of another's property, (3) by misrepresentation.

Here, defendant does not dispute that an explosion damaged the home and that, because the home belonged to his stepmother, it qualifies as property of another. He also does not dispute that there is evidence that he took a substantial step toward obtaining more than $10,000 under his insurance policy. He contends only that the evidence was insufficient to prove that he intentionally caused the explosion.

Although circumstantial, we conclude that the evidence, if credited by the jury, would have been sufficient to prove that defendant committed both offenses; that is, that he intentionally caused the explosion. At trial, fire investigators testified that they identified propane gas as the most likely explosive based on the condition of physical evidence at the scene and the absence of other explosives on the property. From there, investigators were able to pinpoint the garage gas line as the origin of the explosion based on the damage the blast wave caused to several nearby objects and a ball valve found in the wreckage of the garage. Examination of the ball valve revealed that it contained pipe threads roughly matching those that had been ripped off of the gas line in the explosion. Against that backdrop, the following evidence would have allowed the jury to conclude that the explosion had been caused intentionally.

- Investigators testified that, when they discovered the ball valve, it was in the open position. That fact was significant because, in the investigators' experience, the only way the valve could have been opened would have been by application of manual force by a person. The explosion itself would not have been expected to open the valve.

- Investigators testified that the gas pipe was missing a cap on the end and that local building codes require gas lines to be capped when not in use in order to pass a building inspection. Because, in the investigators' experience, the cap would not come

off in an explosion, they concluded that it must have been removed by someone manually.[1]

- According to investigators, it was unlikely that the explosion was caused accidentally by a leak as the pipe had not been visibly punctured. Although the state's expert acknowledged that a leak through the pipe threads was not impossible, he opined that it would have taken days for enough propane to leak out to cause the explosion. During that time, the expert testified that there likely would have been a strong propane odor in the house—an odor defendant denied ever smelling.

After determining that the explosion was caused intentionally, the following evidence would have allowed the jury to conclude that defendant was responsible.

- According to defendant's recorded statement, he was the last person present at the house before the explosion. Only three other people had possibly been there that day: his wife and—at least according to defendant—two people attempting to serve him legal papers. However, both his wife and the two people had left hours prior to the explosion. There was no evidence that anyone else was on the property at the time of the explosion.

- The state's expert testified that, given the diameter of the ball valve and the estimated volume of the garage, it would have taken approximately 24 minutes to fill the garage with enough propane to be capable of ignition. On the day of the explosion, defendant reported leaving his home approximately 22 minutes before the explosion occurred.

- An insurance investigator testified that defendant had taken out a new renter's insurance policy in February, just two months before the explosion.

---

[1] Defendant responds that the garage line was uncapped because he had used it to run a paint dryer for use on his car. Although the jury could have chosen to credit defendant's explanation, it was not required to. *See State v. May*, 257 Or App 375, 380 n 4, 306 P3d 759, *rev den*, 354 Or 342 (2013) (the factfinder is not required to accept a defendant's alternative, less incriminating explanation).

Additional evidence revealed that defendant was suffering from substantial financial difficulties.

Although much of it was circumstantial, that evidence was sufficient to prove that the fire was caused intentionally and that defendant was the one who caused it.

Defendant's arguments that the evidence was insufficient boil down to three points: (1) the state's evidence about his motive was flawed; (2) another party may have caused the explosion; and (3) it was not clear that the open ball valve was the source of the explosion. With respect to his motive, defendant argues that it would have been illogical for him to destroy his home for the insurance proceeds when the home contained more than $700,000 worth of possessions and his insurance policy had a limit of only $300,000.

Defendant's argument fails under our standard of review. Even if no reasonable juror could have concluded that defendant had a financial motive for committing the crime, proof of motive is not required for a conviction. *State v. Hampton*, 317 Or 251, 258, 855 P2d 621 (1993). Evidence of a defendant's motive can be relevant insofar as it may suggest that defendant acted with the required state of mind when committing the crime—in this case, intent. *Id*. Here, as discussed above, there was physical evidence at the scene from which the jury could have inferred that the explosion had been caused by defendant intentionally.

And, in any event, the jury was not required to credit defendant's view of the value of the items in his home. Because the $700,000 figure came only from defendant's own estimate, jurors could have concluded that the number was not representative of the actual value of defendant's possessions. Moreover, the jury could have concluded that defendant, for whatever reason, sought to have $300,000 in hand now rather than take the time to sell all of his possessions.

Defendant's second argument is that the evidence showed that the explosion was caused by another party. Throughout the investigation and prosecution of his case, defendant repeatedly asserted that the explosion was most likely caused by agents of a company he had previously done business with. According to defendant, the company wanted

to destroy records in defendant's home that could be used in his civil suit against the company. Defendant claimed that two company agents had shown up on his property hours before the explosion to serve him legal papers.

The problem with defendant's argument is that, although the jury could have accepted his explanation, it was by no means compelled to. *See State v. Cunningham*, 320 Or 47, 63-64, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995) (the jury is not compelled to accept a defendant's alternative, less incriminating version of events). At trial, the state presented testimony from the company's chief financial officer that the company had not sent agents to defendant's home on the day of the explosion. The state also presented testimony from the company's general counsel that, at the time of the explosion, the company was not yet aware of defendant's lawsuit and would not learn of it for almost a year. Crediting that testimony, the jury could have concluded that the company had no involvement in the destruction of defendant's home.

Finally, defendant's third argument is that the state failed to prove that the open ball valve caused the explosion. He argues that the investigators' testimony did not prove that the ball valve was attached to a gas line nor did it include information as to the ignition source that caused the explosion.

The state provided evidence that the jury could have credited to address both of these issues. As noted above, investigators testified that they found pipe threads inside the valve matching those that had been stripped off of the gas line. Additionally, the state's expert testified that it is common with an explosion like this not to be able to identify the ignition source. Because almost any electric switch or appliance can serve as an ignition source, there are often too many possibilities to reliably narrow down in the average home.

In sum, although defendant identifies several pieces of evidence that call the state's theory into question, our role is not to re-weigh that evidence and decide whether defendant is guilty beyond a reasonable doubt. *State v. Miller (A134139)*, 226 Or App 52, 55, 202 P3d 921, *rev den*, 346 Or

184 (2009). So long as a rational factfinder can conclude that the state proved each element of the crime, our judicial system entrusts the jury with the responsibility of determining defendant's guilt. Although the state's case was largely circumstantial and hinged on the state's scientific evidence, we conclude that the evidence was sufficient for a reasonable jury to conclude that defendant committed both of the offenses charged.

Affirmed.